PER CURIAM.
¶ 1 David Minnick appeals from a circuit court order denying his WIS. STAT. § 974.06 (2015-16)[1] motion alleging ineffective assistance of postconviction counsel. We affirm the circuit court.
¶ 2 After he was convicted, Minnick moved to withdraw his no contest pleas on the grounds of manifest injustice because he relied upon his trial counsel's representations about the likelihood of sentencing outcomes. The circuit court rejected Minnick's ineffective assistance of counsel claim and denied the postconviction motion. In 2015, we affirmed Minnick's conviction and rejected his ineffective assistance of counsel claim. State v. Minnick , No. 2014AP1504-CR, unpublished slip op. (WI App June 10, 2015) (Minnick I ).
¶ 3 In 2017, Minnick filed a WIS. STAT. § 974.06 motion alleging that his postconviction counsel was ineffective because counsel did not make an additional argument in the original postconviction motion: trial counsel was ineffective for not advising Minnick of the possibility of a pre-sentencing plea withdrawal motion which would have been subject to the fair and just reason standard (hereafter "a fair and just motion"). Minnick reasoned that once his trial counsel learned that the presentence investigation report's sentencing recommendation exceeded the sentencing range counsel had discussed with Minnick, counsel should have informed Minnick that he could file a fair and just motion. See State v. Jenkins , 2007 WI 96, ¶ 34, 303 Wis. 2d 157, 736 N.W.2d 24. Minnick alleged that he would have exercised the fair and just motion option had counsel so informed him.
¶ 4 After hearing testimony from postconviction counsel, the circuit court found that postconviction counsel did not consider the fair and just motion ineffective assistance claim to be clearly stronger than the claim he raised relating to post-sentencing plea withdrawal (the manifest injustice motion).[2] The court reiterated that trial counsel was not ineffective in her approach to sentencing and therefore postconviction counsel was not ineffective for failing to pursue an additional postconviction issue based on trial counsel's representation in relation to sentencing. The court denied Minnick's WIS. STAT. § 974.06 motion. Minnick appeals.
¶ 5 We review the circuit court's discretionary decision to deny Minnick's WIS. STAT . § 974.06 ineffective assistance of counsel motion under the erroneous exercise of discretion standard. See State v. Balliette , 2011 WI 79, ¶ 18, 336 Wis. 2d 358, 805 N.W.2d 334.
¶ 6 Unless a defendant shows a sufficient reason for not raising an issue in a prior direct appeal, the issue may be barred in a subsequent WIS. STAT. § 974.06 proceeding. State v. Lo , 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756. Ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise a claim in the prior direct appeal. State v. Romero-Georgana , 2014 WI 83, ¶ 36, 360 Wis. 2d 522, 849 N.W.2d 668.[3] We address the merits of the § 974.06 motion.
¶ 7 In his WIS. STAT. § 974.06 motion, Minnick argued that his postconviction counsel was ineffective. Because Minnick alleges an ineffective assistance of trial counsel claim not previously litigated by postconviction counsel, Minnick had to show that his new ineffective assistance of trial counsel claim was clearly stronger than the ineffective assistance of trial counsel claim he previously pursued on appeal. Romero-Georgana , 360 Wis. 2d 522, ¶ 4.
¶ 8 The clearly stronger analysis requires consideration of the claim made in Minnick I . In Minnick I , Minnick argued that his trial counsel guaranteed him a certain sentence, and he pled no contest in reliance upon counsel's guaranty, which did not come to pass. Citing the manifest injustice standard for plea withdrawal, Minnick sought to withdraw his no contest pleas due to ineffective assistance of trial counsel. Minnick , No. 2014AP1504-CR, ¶ 1. Postconviction, the circuit court found trial counsel credible and Minnick not credible on the question of what trial counsel told Minnick about possible sentences. Id. , ¶ 9. We held that the circuit court's findings about the information Minnick had before him when he decided to plead no contest were not clearly erroneous, id. , ¶ 12, and the findings did not support Minnick's claim that he pled in reliance on trial counsel's statements. Those findings included:
Minnick had weeks to consider the plea offer, knew that the attempted first-degree intentional homicide charge-with the weapons enhancer, a sixty-five-year felony-would be read in for sentencing and that the presentence investigation report recommended all consecutive sentences totaling twenty-six and one-half years, and understood from the plea colloquy that the court could impose the maximum sentence on each count and that all sentences could be imposed consecutively.
Id. We concluded that "Minnick has shown no more than that counsel predicted an outcome that did not come to pass." Id. , ¶ 14. Misjudging a likely sentence was not a basis for an ineffective assistance of counsel claim. Id.
¶ 9 Minnick's WIS. STAT. § 974.06 claim is premised on the same scenario we rejected in Minnick I : that trial counsel's remarks about the sentence led Minnick to enter his no contest pleas. The twist Minnick applies in his § 974.06 motion is that trial counsel should have advised him about the option of filing a fair and just motion and that postconviction counsel should have made this claim in Minnick's first appeal.
¶ 10 Postconviction counsel testified at the WIS. STAT. § 974.06 hearing that he did not believe a fair and just motion would have been well-founded given the record: during the plea hearing, Minnick was advised that the State had a free hand at sentencing and that the court was not bound by any agreement or recommendation regarding a sentence. Before sentencing, Minnick was aware that the presentence investigation report recommended a lengthier sentence. Postconviction counsel was aware of the different standards applicable to pre- and post-sentencing plea withdrawal motions,[4] but he determined that the record contained more factors favoring a post-sentencing manifest injustice motion.
¶ 11 The circuit court found that postconviction counsel understood the two plea withdrawal standards, but given the record, the post-sentencing manifest injustice claim was stronger because the court's sentence was known. The court concluded that postconviction counsel did not perform deficiently.
¶ 12 Postconviction counsel's assistance is assessed for deficient performance and prejudice. Romero-Georgana , 360 Wis. 2d 522, ¶¶ 38-39. Deficient performance and prejudice present mixed questions of fact and law. State v. Jeannie M.P. , 2005 WI App 183, ¶ 6, 286 Wis. 2d 721, 703 N.W.2d 694. We will uphold the circuit court's factual findings unless they are clearly erroneous. Id. However, we review de novo whether counsel's performance was deficient or prejudicial. Id.
¶ 13 The circuit court's findings of fact about postconviction counsel's conduct are not clearly erroneous. Combined with the determination in Minnick I that trial counsel's interactions with Minnick about sentencing did not constitute ineffective assistance, the additional postconviction findings support a determination that postconviction counsel did not perform deficiently because the fair and just motion claim was not clearly stronger than the manifest injustice claim rejected in Minnick I .[5] Therefore, the circuit court properly exercised its discretion when it denied Minnick's WIS. STAT. § 974.06 motion.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The clearly stronger standard was first set out in State v. Starks , 2013 WI 69, ¶¶ 6, 59, 349 Wis. 2d 274, 833 N.W.2d 146.

For this reason we do not agree with the State that State v. Witkowski , 163 Wis. 2d 985, 473 N.W.2d 512 (Ct. App. 1991), bars Minnick's Wis. Stat. § 974.06 motion. A claim of ineffective assistance of postconviction counsel is distinct from a claim of ineffective assistance of trial counsel. State ex rel. Rothering v. McCaughtry , 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996).

Pre-sentencing plea withdrawal motions are governed by the fair and just reason standard. State v. Jenkins , 2007 WI 96, ¶ 34, 303 Wis. 2d 157, 736 N.W.2d 24. Post-sentencing plea withdrawal motions are governed by the manifest injustice standard. State v. Negrete , 2012 WI 92, ¶ 16, 343 Wis. 2d 1, 819 N.W.2d 749.

Although we need not address prejudice, State v. Chu , 2002 WI App 98, ¶ 47, 253 Wis. 2d 666, 643 N.W.2d 878, we note that Minnick could not establish prejudice because the sentencing court was charged with exercising its independent judgment, and the views of the presentence investigation report author and counsel were not controlling. State v. Smith , 207 Wis. 2d 258, 281, 558 N.W.2d 379 (1997) (the sentencing court "has an independent duty to look beyond the recommendations and to consider all relevant sentencing factors").