PER CURIAM.
¶1 Thomas J. Blake appeals, pro se, from an order of the circuit court denying his WIS. STAT. § 974.06 (2017-18)[1] postconviction motion. As we reject all of Blake's arguments on the basis of State v. Romero-Georgana , 2014 WI 83, 360 Wis. 2d 522, 849 N.W.2d 668, we affirm.
¶2 In 2005, Blake pled no contest to first-degree intentional homicide in the death of twenty-year-old Christina Ross.[2] Christina's parents discovered their daughter's body in the trunk of her vehicle in the parking lot of a grocery store and alerted police. Christina's mother reported that she found a note written by Christina that "she was going to see T.J.," later identified as Blake.
¶3 Blake confessed to killing Christina. He told police that he and Christina were in a sexual relationship, and she was "obsessed" with him. According to Blake, he and Christina were together at his apartment and he asked Christina "if she wanted to do something kinky and she said yes." Blake then handcuffed Christina, rolled her on her stomach on the bed, and "pulled her head back by the forehead and wrapped an extension cord around her neck four times." In his own words, Blake explained to police that
[Christina] put up a struggle for about 10 [minutes]. I was straddling her from behind.... I was basically laying on her pulling on the extension cord. We were not having sex at this point.
When she tried to scream I wrapped the extension cord around my left forearm and used my right hand to cover her mouth. When she stopped fighting I still kept hold of the extension cord for about another half hour to make sure she was dead.
Blake and a friend then disposed of Christina's body in the trunk of her car after binding her ankles with duct tape and wrapping her body in a sheet, and Blake drove the car to the grocery store.
¶4 Prior to obtaining Blake's confession, the police executed a search warrant of Blake's apartment. In the search warrant affidavit, the officer explained that he went to Blake's apartment and spoke with his roommate, Rusty Lucht, who let him in and consented to police searching the common areas of the apartment. The officer found an ammunition box in the living room, which contained a journal that belonged to Blake, which stated, "My thirst for killing won't go away." Lucht disclosed to police that Blake mentioned killing people many times. The officer also spoke with a neighbor who saw two males "carrying a large object down the stairs clumsily" and then saw the men place "something large, wrapped in a blanket, into the trunk" of a silver car.
¶5 Blake was represented by two attorneys,[3] who negotiated a plea agreement with the State. At the plea hearing, the court engaged in an appropriate plea colloquy with Blake and accepted his plea of no contest. See State v. Blake , No. 2007AP2468-CR, unpublished slip op. ¶7 (WI App Nov. 12, 2008). Before sentencing, however, the circuit court granted trial counsel's motion to withdraw. Blake, then represented by Attorney Len Kachinsky,[4] filed a motion to withdraw his plea, claiming that trial counsel did not adequately advise him of possible defenses. Blake now claimed that he did not intend to kill Christina, but he put the extension cord around her neck "to enhance her 'high' from our sexual activity." Both trial attorneys testified that Blake never indicated that Christina's death was an accident until after he entered his plea. The circuit court denied Blake's motion to withdraw his plea after a hearing.
¶6 Blake was sentenced to life in prison without the possibility of release. He filed a WIS. STAT. § 809.30 postconviction motion in the circuit court, now represented by Attorney Ann Auberry,[5] seeking a new trial and resentencing based on the ineffective assistance of trial and post-plea counsel. After a hearing, the court denied Blake's motion, finding that none of his counsel had provided ineffective assistance. On appeal, we did not find any of Blake's arguments persuasive. Blake , No. 2007AP2468-CR, ¶¶8, 15, 19.
¶7 In 2018, Blake, now pro se, filed a WIS. STAT. § 974.06 motion for postconviction relief. Blake raised numerous issues in his motion, which the circuit court observed was Blake simply throwing "any and all legal concepts, hoping one sticks." The circuit court denied Blake's motion without a hearing, finding his claims either conclusory or insufficient to warrant relief.
¶8 In Blake's current appeal, he argues that the circuit court erred in denying his WIS. STAT. § 974.06 motion. He renews some of the arguments he made in his § 974.06 motion to the circuit court, others he fails to renew on appeal, and some he brings for the first time.[6] He asks that this court "suppress and dismiss any and all evidence pertaining to Blake's investigation and conviction," reverse his no contest plea, and set a trial date. We reject Blake's arguments for the following reasons.
¶9 "We need finality in our litigation." State v. Escalona-Naranjo , 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Therefore, absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that he or she could have raised in a prior postconviction motion or appeal. See § 974.06(4) ; Romero-Georgana , 360 Wis. 2d 522, ¶5 ; Escalona-Naranjo , 185 Wis. 2d at 181-86. "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." Romero-Georgana , 360 Wis. 2d 522, ¶36. "[A] defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." Id. , ¶4. Whether a § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law that we review de novo. Id. , ¶30.
¶10 Similarly, whether a WIS. STAT. § 974.06 motion is sufficient to warrant an evidentiary hearing is a question of law that we review de novo. State v. Balliette , 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334. The law does not automatically entitle a defendant to an evidentiary hearing on his or her postconviction claims. State v. Bentley , 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). The circuit court must conduct a hearing only if the defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law we review de novo. State v. Allen , 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. The motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." Id. , ¶23. If the motion does not raise sufficient facts, merely presents conclusory allegations, or if the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing in its discretion, which we review for an erroneous exercise of discretion. Id. , ¶9.
¶11 Based on our review, it appears that Blake's arguments can be narrowed into three general claims: (1) ineffective assistance of counsel, (2) newly discovered evidence, and (3) the circuit court's error in denying his WIS. STAT. § 974.06 motion.
¶12 First, Blake claims ineffective assistance of trial counsel, post-plea counsel, and postconviction counsel based on multiple factors.[7] Blake's arguments are summarized as follows: (1) all counsel failed to challenge the initial police entry into his apartment and the subsequent search warrant, (2) trial counsel provided Blake with insufficient discovery materials and pressured Blake into taking the plea, (3) post-plea and postconviction counsel failed to argue that the plea colloquy was defective for various reasons, (4) post-plea counsel should have better argued his plea withdrawal motion, and (5) post-plea counsel should have objected to false statements at sentencing. Generally, based on the above considerations, Blake argues that postconviction counsel was ineffective for failing to adequately challenge trial and post-plea counsel as ineffective.
¶13 We conclude that all of Blake's claims are insufficiently pled. Not only does Blake fail to allege why these claims are "clearly stronger" than the claims that postconviction counsel actually brought in his prior motion and direct appeal-he states only that "Blake was able to present real material facts versus Counsel's claims which were clearly unsupported"-but his arguments are also conclusory, do not satisfy the "five 'w's' and one 'h,' " and provide no factual support for why postconviction counsel was ineffective. See Romero-Georgana , 360 Wis. 2d 522, ¶¶4, 58-65 ; Allen , 274 Wis. 2d 568, ¶23 ; see also State v. Ziebart , 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369 (to establish the ineffectiveness of postconviction counsel, a defendant bears the burden of proving that trial counsel's performance was both deficient and prejudicial). The circuit court properly exercised its discretion in denying the motion.
¶14 Second, Blake argues that he has obtained newly discovered evidence that entitles him to the relief he seeks. Blake's WIS. STAT. § 974.06 motion appears to point to five newly discovered pieces of evidence: (1) the note that Christina's mother found "did not in fact exist" and so there was a lack of probable cause both to come to Blake's apartment and to obtain a search warrant, (2) Blake erred in his own confession as he asserts that Christina's strangulation was "impossible" as he described it, (3) one of the police detectives "did not make a report," (4) one police report indicated that Christina's mother called Blake and one report stated that an officer called Blake after the note was discovered, and (5) Lucht was not actually Blake's roommate and did not give consent to search the apartment. On appeal, Blake appears to abandon all of these claims except the existence of the note, the lack of probable cause, and a vague list of Fourth Amendment violations pertaining to Lucht not being his roommate, the search warrant affidavit, and the search of Blake's apartment.
¶15 To prevail on a claim of newly discovered evidence, Blake must establish four specific criteria: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." State v. Love , 2005 WI 116, ¶43, 284 Wis. 2d 111, 700 N.W.2d 62 (citation omitted). If those criteria are satisfied, then the court must determine whether there is a reasonable probability that a different result would be reached at trial. Id. , ¶44. Evidence is not "newly discovered" if the party simply realizes the importance of evidence that was previously known but not used. State v. Coogan , 154 Wis. 2d 387, 403, 453 N.W.2d 186 (Ct. App. 1990) (citation omitted).
¶16 Blake has not established these criteria, and, therefore, he is not entitled to an evidentiary hearing on his newly discovered evidence claim. What Blake categorizes as "newly discovered evidence" is really just new legal argument or evidence that Blake newly discovered might be important. The note allegedly written by Christina was known to Blake, and Blake does not suggest that Christina's mother was asked to produce the note and failed to do so. Lucht's presence in Blake's apartment and the fact that he gave officers consent to search the common areas of the apartment was also known to Blake. Blake himself explained in his confession that Lucht was a roommate as he "moved in ... two months ago." As the circuit court explained, Blake failed to offer any proof in support of his claim that the note did not exist, that Lucht was not Blake's roommate, or that Lucht did not actually consent to the search.
¶17 Blake has also failed to offer a sufficient reason to overcome the Escalona-Naranjo bar. See Romero-Georgana , 360 Wis. 2d 522, ¶34. Blake claims that his sufficient reason for not bringing these claims sooner is that all the evidence was "derived from the same material source: Blake's discovery materials," which Blake did not receive until 2017. As stated previously, these facts were all known to Blake prior to his plea, and the fact that he allegedly received the police reports in 2017 does not change that fact.[8] Further, even if Blake had satisfied the first four criteria, he cannot show that there is a reasonable probability of a different outcome at trial. Blake's confession, which he no longer challenges on appeal, remains as compelling evidence against him in the murder of Christina.
¶18 Finally, Blake argues that the circuit court erroneously exercised its discretion in denying his motion as "Blake believes he was [unfairly] treated throughout his entire criminal investigation and defense." Blake specifically questions the circuit court's "claim that Blake just threw in any and all legal theories hoping one sticks," notes that the court found his motion " 'challenging' to address," and observes that the court "did not refute any of Blake's exhibits." We are satisfied that the circuit court's order properly addressed and explained its denial of Blake's motion "based upon his [conclusory] statements, false information, ... baseless allegations," and failure to meet his burden for relief.[9]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Blake was charged with one count of first-degree intentional homicide and one count of hiding a corpse as party to a crime. The hiding a corpse charge was dismissed and read in pursuant to a plea agreement with the State.
For additional factual background, see State v. Blake , No. 2007AP2468-CR, unpublished slip op. (WI App Nov. 12, 2008).

We will refer to Attorneys John Kuech and Steve Smits as "trial counsel."

We will refer to Kachinsky as "post-plea counsel."

Although Auberry is considered both postconviction and appellate counsel, we will simply refer to her as postconviction counsel. See State ex rel. Rothering v. McCaughtry , 205 Wis. 2d 675, 679 n.4, 556 N.W.2d 136 (Ct. App. 1996) ("[O]ften postconviction counsel and appellate counsel are the same person.").
We note that the State claims on appeal that Blake "now makes one conclusory claim that he was denied the effective assistance of appellate counsel in his direct appeal" that counsel "should have challenged one of the circuit court's fact-findings in denying his Wis. Stat. Rule 809.30 motion." Accordingly, the State explains that in order to raise the ineffective assistance of appellate counsel, he was required to petition this court for a writ of habeas corpus. See State v. Knight , 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992). Blake claims ignorance of the law on this issue, but claims it should be "viewed as a harmless error." In the interest of finality, we will address Blake's claim.

The State's response includes a list of arguments in Blake's brief-in-chief that it claims are brought before this court for the first time on appeal. See Shadley v. Lloyds of London , 2009 WI App 165, ¶25, 322 Wis. 2d 189, 776 N.W.2d 838 ("It is well-established law in Wisconsin that those issues not presented to the trial court will not be considered for the first time at the appellate level."). The State's response also provides a list of arguments which it claims Blake has abandoned on appeal. See A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned."). Blake does not dispute the State's claim, explaining that some of the claims he "found ... to be rather pointless to continue, hence he intentionally abandoned them."

A defendant who asserts ineffective assistance of counsel must demonstrate that counsel performed deficiently and that the deficient performance was prejudicial. Strickland v. Washington , 466 U.S. 668, 687 (1984). This two-pronged test is well established and we will not repeat the particulars here.

We also note that in general, Blake's arguments are veiled with an overtone that counsel should have identified and addressed these legal arguments that Blake now posits as newly discovered evidence. Whether he could have or should have argued ineffective assistance as his "sufficient reason" or not is inconsequential; as we have already addressed, he has failed to establish sufficient material facts suggesting that any of his counsel was ineffective.

To the extent we have not addressed an argument raised by Blake on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).