COURT OF APPEALS
DECISION
DATED AND FILED

August 8, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2017AP1995**

Cir. Ct. No. **2010CF431**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ERIC G. KOULA,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for La Crosse County: SCOTT L. HORNE, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.    Eric Koula, pro se, appeals a circuit court order that denied Koula's WIS. STAT. § 974.06 (2017-18)[1] motion seeking relief from a judgment of conviction for two counts of first degree intentional homicide.  Koula contends that his trial counsel[2] were ineffective by failing to properly investigate and do the following:  (1) file a **Denny**[3] motion to implicate Koula's brother-in-law, Patrick Cowell, in the murders; (2) present evidence challenging the State's time-of-death evidence; (3) present evidence challenging the State's physical evidence; (4) present fingerprint evidence; (5) present financial evidence to contradict the State's theory of Koula's motive; and (6) challenge actions and statements by the State that Koula asserts were dishonest and misleading.  Koula also asserts that his postconviction counsel were ineffective by failing to pursue those claims of ineffective assistance of trial counsel in Koula's direct postconviction motion.  For the reasons set forth in this opinion, we conclude that the circuit court properly denied Koula's motion without a hearing.  We affirm.

¶2     In July 2010, Koula was charged with two counts of first-degree intentional homicide for the murder of his parents, Dennis and Merna Koula, and one count of uttering a forged check for $50,000, which was purported to be written by Dennis Koula, dated the day of the murders and cashed the following day.  In June 2012, Koula was convicted of all charges following a jury trial.  The

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Koula was represented by a team of four trial attorneys, and by a team of two postconviction attorneys.  Accordingly, this opinion refers to Koula's trial and postconviction counsel in the plural.

[3] **State v. Denny**, 120 Wis. 2d 614, 357 N.W.2d 12 (Ct. App. 1984).

circuit court sentenced him to life in prison without the possibility of release to supervision.

¶3      Koula, by counsel, moved for postconviction relief.  He argued that: (1) his trial counsel were ineffective by failing to object to a jury instruction as to witness testimony that, shortly before the murders, Dennis Koula had made statements about "cutting off the kids" financially; and (2) the real controversy was not fully tried when the circuit court excluded the defense's proposed evidence supporting the defense theory that the murders were committed by a hitman hired to kill Dennis and Merna Koula's neighbor.  Specifically, Koula argued that the instruction invited the jury to speculate that Koula had a motive to murder his parents if it believed that Dennis Koula had made the statements, without requiring it to first determine that Koula knew that Dennis Koula had made the statements.  He also argued that the real controversy was not fully tried when the court excluded evidence that a Google Maps search of the neighbor's address resulted in a marker pointing to Dennis and Merna Koula's house.

¶4      The circuit court granted an evidentiary hearing on the motion. Koula's trial counsel testified that they agreed that they should have requested a modification to the jury instruction to clarify that the jury would need to find that Koula was aware of Dennis Koula's statement of his intent to "cut off the kids" before it could find that those statements showed Koula's motive to kill his parents.

¶5      The circuit court denied Koula's postconviction motion.  It found that Koula's trial counsel were not ineffective by failing to request a modification to the jury instruction and that it had properly excluded the Google Maps

3

evidence. We affirmed on appeal. *State v. Koula*, No. 2014AP2224-CR, unpublished slip op. (WI App Oct. 22, 2015).

¶6 In June 2017, Koula filed the pro se WIS. STAT. § 974.06 motion underlying this appeal. Koula argued that his postconviction counsel were ineffective by failing to argue in Koula's postconviction motion that Koula's trial counsel were ineffective as summarized *supra* in ¶1.[4] The circuit court denied the motion without a hearing. Koula appeals.

¶7 When, as here, a defendant seeks relief under WIS. STAT. § 974.06 following a prior postconviction motion and appeal, the § 974.06 motion must establish a "sufficient reason" for failing to previously raise any issues that could have been raised in the earlier proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). A claim of ineffective assistance of postconviction counsel may present a "sufficient reason" to overcome the procedural bar. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). To establish that postconviction counsel was ineffective, the motion must show that the claims now asserted are clearly stronger than the issues that postconviction counsel chose to pursue. *State v. Romero-Georgana*, 2014 WI 83, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.2d 668.

¶8 A defendant is not automatically entitled to an evidentiary hearing on his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). The circuit court must hold an evidentiary hearing only if the

---

[4] Koula also argued that newly discovered evidence entitled him to a new trial, but has abandoned that argument on appeal. Koula also requested that the circuit court exercise its discretion to grant Koula a new trial in the interest of justice, a request that Koula makes of this court on appeal, and which will be discussed later in this opinion.

defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law that we review de novo. *State v. Allen*, 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. To entitle the defendant to a hearing, the motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how" as to the defendant's claims. *Id.*, ¶23. If the motion does not set forth sufficient facts or presents only conclusory allegations, or the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing at its discretion. *Id.*, ¶9.

¶9 A defendant seeking a hearing on a WIS. STAT. § 974.06 motion must "do more than assert that his postconviction counsel was ineffective for failing to challenge on direct appeal several acts and omissions of trial counsel that he alleges constituted ineffective assistance." *State v. Balliette*, 2011 WI 79, ¶¶62-63, 336 Wis. 2d 358, 805 N.W.2d 334. The defendant must allege that postconviction counsel's "'performance was deficient' and 'that the deficient performance prejudiced the defense.'" *See id.* (quoted source omitted). If the allegations in a postconviction motion fail to establish either prong of an ineffective assistance of counsel claim, we need not address the other prong. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). A defendant must demonstrate within the four corners of the § 974.06 motion that postconviction counsel was ineffective for not raising specific claims of ineffective assistance of trial counsel. *See Romero-Georgana*, 360 Wis. 2d 522, ¶64 ("We will not read into the § 974.06 motion allegations that are not within the four corners of the motion.").

¶10 Koula asserts that he is entitled to a hearing on his WIS. STAT. § 974.06 motion. He argues that his motion sets forth material facts that, if true, would entitle him to relief. He contends that his motion sufficiently alleges that

his trial counsel failed to uncover and utilize material evidence at trial and that his postconviction counsel failed to identify those claims of ineffective assistance of trial counsel during postconviction proceedings. He contends that his motion establishes that his postconviction counsel missed those obvious and strong claims of ineffective assistance of trial counsel during postconviction proceedings, that counsel's failure to raise those issues cannot be justified, and that those issues were clearly stronger than the issues postconviction counsel raised. Thus, Koula asserts, the circuit court erred by denying his motion without a hearing. We disagree.

¶11     As set forth above, Koula's WIS. STAT. § 974.06 motion was required to make the case of his postconviction counsel's deficient performance. To successfully plead ineffective assistance of postconviction counsel, Koula's § 974.06 motion needed to do more than point to claims of ineffective assistance of trial counsel that postconviction counsel did not raise. Koula needed to show that the failure of postconviction counsel to raise those issues fell below an objective standard of reasonableness. He was required to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Strickland*, 466 U.S. at 689 (quoted source omitted). To show that his postconviction counsel performed deficiently, he was required to establish that the claims he believes his postconviction counsel should have raised were clearly stronger than the issues that postconviction counsel pursued. *See* **Romero-Georgana**, 360 Wis. 2d 522, ¶¶45-46. Additionally, because Koula's claim of ineffective assistance of postconviction counsel was premised on claims of ineffective assistance of trial counsel, he was also required to establish that his trial counsel's performance was both deficient and prejudicial. *See* **State v. Ziebart**, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶12    To repeat, Koula's postconviction counsel pursued the following claims in Koula's direct postconviction motion: (1) that Koula's trial counsel were ineffective by failing to object to the jury instruction regarding Dennis Koula's statements; and (2) that the real controversy was not fully tried when the circuit court excluded Koula's proposed Google Maps evidence, which would have supported the defense theory that a professional hitman intended to kill a neighbor rather than Dennis and Merna Koula. An evidentiary hearing was held on the ineffective assistance of trial counsel claim. Trial counsel agreed at this hearing that there was no strategic reason for failing to object to the jury instruction, and that postconviction counsel proposed a better version. The Google Maps evidence claim relied on the defense theory advanced at trial and postconviction counsel presented additional evidence to support the significance of the Google Maps evidence. Additionally, the Google Maps evidence claim did not require Koula to overcome the two-prong hurdle of showing deficient performance and prejudice required by a claim of ineffective assistance of counsel. We evaluate whether Koula's current claims are clearly stronger than those that were presented by postconviction counsel.

¶13    First, Koula asserts that his trial counsel failed to uncover and present evidence implicating Cowell in the murders, including evidence that Cowell has a history of violent behavior, domestic violence, and threatening violence with a firearm; that Cowell served in the military and thus had training with firearms; that Cowell has a history of alcohol abuse, antisocial traits, dishonesty, and unemployment; that Cowell had a strained relationship with Dennis and Merna Koula; that Cowell and his wife (Dennis and Merna's daughter) were struggling financially around the time of the murders; that Dennis Koula had recently told his daughter that he was cutting off his financial support to her and

Cowell, and that she and Cowell had a fight the morning of the murders; and that Cowell did not have a valid alibi for the evening of the murders. Koula asserts that his trial counsel had no reason for failing to pursue a *Denny* motion seeking to present evidence implicating Cowell, rather than Koula, in the murders. However, Koula has not established that this claim of ineffective assistance of counsel was clearly stronger than the claims that counsel chose to pursue. In particular, Koula does not overcome our presumption that it was reasonable trial strategy to pursue the professional hitman theory rather than pursue a *Denny* motion to implicate Cowell, who Koula acknowledges had an alibi that he was home with his wife and daughter on the night of the murders, even if Koula now questions that alibi. Koula has not explained why it would not have been reasonable strategy for counsel to forego the *Denny* motion in light of the alibi. This claim of ineffective assistance of trial counsel was not clearly stronger than the claims postconviction counsel pursued.

¶14 Second, Koula asserts that his counsel failed to uncover and present evidence that challenged the State's time-of-death theory. He argues that the State's evidence that Merna Koula was killed at 5:41 p.m. was based on flawed computer forensic evidence that indicated that her last key stroke was done at that time, before she was shot while sitting at her computer. He argues that an expert computer evaluation would have contradicted the State's key stroke evidence. However, Koula has not set forth what evidence his trial counsel should have presented that would have clearly contradicted the State's theory as to the time of the murders. Moreover, other evidence supported the State's theory that the murders happened during that timeframe, including evidence indicating that Dennis Koula was murdered as he arrived home from work, including the time that Dennis Koula left work and the drive time between his work and home. This

claim of ineffective assistance of counsel is not clearly stronger than the issues raised.

¶15    Third, Koula asserts that his counsel failed to uncover and present physical evidence that challenged the State's description of how Merna Koula was shot. He contends that the State's theory that Merna Koula was shot in the back of the head with a rifle by a person standing behind her was impossible based on the physical dimensions of the room and the firearm, and the lack of gunshot residue. He also argues it was improper for the State to display the firearm at trial and argue that it was the murder weapon, without any proof that it actually was the murder weapon. However, Koula fails to sufficiently explain why we should conclude that this argument would have been clearly stronger than the arguments raised.

¶16    Fourth, Koula asserts that his counsel failed to uncover and present an analysis of the fingerprint lifted from the firearm that was alleged to be the murder weapon, which Koula asserts would have excluded him. He argues that his trial counsel retained a fingerprint expert in California who excluded Koula as the source of the fingerprint taken from the rifle. He asserts that it is unknown why his counsel did not present that evidence at trial. However, Koula does not explain what evidence he would present to support this claim. Accordingly, we are not persuaded that this would have been clearly stronger than the arguments raised.

¶17    Fifth, Koula asserts that his counsel failed to uncover and present more complete financial evidence to refute the State's theory that Koula killed his parents out of financial desperation. He argues that counsel did not present all available evidence to establish that his parents were willing to continue helping

him financially, that Dennis Koula intended the $50,000 for Koula, and that Dennis Koula intended to cut off his financial support to his daughter and son-in-law, but not to Koula. He argues that more complete financial information would have disproven the State's theory that Koula had a financial motive to kill his parents. However, trial counsel presented a significant amount of evidence in an attempt to counter the State's theory that Koula had a financial motive to murder his parents. The argument that counsel should have done more in support of this defense would not have been clearly stronger than the arguments raised.

¶18    Sixth, Koula asserts that his counsel failed to uncover and present evidence relating to misleading and dishonest evidence presented by the State. He asserts that examples of the State's misleading evidence include the following: that Koula had told friends that he had a receipt from a purchase on the Friday evening of the murders prior to public knowledge that the murders occurred on Friday evening; that Koula was untruthful about feeling his father's leg when he located the bodies and that the leg was stiff; that Koula had no valid reason for falsifying a threatening note to himself after his parents were murdered; that Koula had attempted to destroy incriminating evidence; that Koula's tan colored truck was black, and therefore matched a description of a truck seen at Dennis and Merna Koula's home on the evening of the murders; that Koula's call to 9-1-1 after locating his parents indicated that there was no television noise in the background, despite Koula's report that the television was loud when he arrived; a photograph of Koula's key in his parents' door; that only the window blinds in the room in which Merna Koula was found were closed; and driving times between various locations. None of these claims of ineffective assistance of trial counsel are sufficiently explained to establish why they are clearly stronger than the claims postconviction counsel chose to pursue.

¶19    We reject Koula's claim that the cumulative effect of his trial counsel's errors established a claim of ineffective assistance of counsel that was clearly stronger than the issues raised. We are not persuaded that, together, Koula's assertions of trial counsel error would have supported a claim of ineffective assistance of counsel that was clearly stronger than the issues raised in Koula's direct postconviction motion.

¶20    Moreover, Koula needed to show how he intended to establish deficient performance of both trial and postconviction counsel if he were granted an evidentiary hearing. *Balliette*, 336 Wis. 2d 358, ¶68. Koula does not explain what testimony or other evidence he would present at a hearing that would establish that his trial and postconviction counsel failed to properly identify issues or that their choices were not reasonable and strategic. Rather, he asserts that, at a motion hearing, counsel would answer questions as to why these issues were not pursued. The mere fact that counsel did not pursue identified claims, without more information, does not demonstrate ineffectiveness, and "[w]e will not assume ineffective assistance from a conclusory assertion[.]" *See Romero-Georgana*, 360 Wis. 2d 522, ¶62 (stating that the mere fact that postconviction counsel did not pursue certain claims does not demonstrate ineffectiveness).

¶21    Lastly, Koula contends that we should reverse his convictions under WIS. STAT. § 752.35, on the ground that the real controversy was not fully tried as a result of counsel's errors. We are not persuaded that the real controversy was not fully tried, and, therefore, we decline to exercise our discretion to reverse on that ground. Accordingly, we affirm.

11

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.