STATE of Wisconsin EX REL. Aaron S. ROTHERING, Petitioner,†

v.

Gary R. McCAUGHTRY, Warden, Waupun Correctional Institution, Respondent.

Court of Appeals

*No. 96–2485–W. Submitted on briefs October 2, 1996.—Decided October 23, 1996.*

(Also reported in 556 N.W.2d 136.)

†Petition to review denied.

For the petitioner, the cause was submitted on the petition of Aaron S. Rothering of Waupun.

For the respondent, the cause was submitted on the response of *James E. Doyle,* attorney general, and *Diane M. Nicks,* assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

PER CURIAM.   Aaron S. Rothering petitions pro se for a writ of habeas corpus pursuant to *State v. Knight,* 168 Wis. 2d 509, 522, 484 N.W.2d 540, 545 (1992). Rothering contends that appellate counsel was constitutionally deficient in failing to seek withdrawal of his guilty plea. Upon consideration of the petition and response, we conclude that Rothering's petition challenges the conduct of postconviction counsel and his remedy, if any, is with the trial court. We deny the petition for a writ of habeas corpus.

Rothering entered a guilty plea to seven counts of criminal conduct. An appeal pursuant to RULE 809.30, STATS., was brought on Rothering's behalf by the attorney who had also served as trial counsel. The only issue on appeal was whether the sentence was the result of an erroneous exercise of discretion. Rothering's conviction was affirmed by this court. *State*

*v. Rothering*, No. 95-0531-CR, unpublished summary order (Wis. Ct. App. Dec. 27, 1995). A petition for review was denied by the supreme court on March 12, 1996. Rothering has not filed any motion for relief under § 974.06, STATS.

■

Rothering's petition is a mix of claims of ineffective appellate counsel and ineffective trial counsel.[1] Because he seeks to invoke our jurisdiction under *Knight*, we confine ourselves to consideration of whether he was deprived of the effective assistance of appellate counsel. Rothering complains that appellate counsel only argued an issue that was "practically frivolous"—whether the sentence was too harsh. He alleges that appellate counsel was ineffective for failing to argue the issues Rothering raises in his petition.

Rothering's petition argues that he should be allowed to withdraw his guilty plea because trial counsel was ineffective and the plea was unknowingly entered.[2] Claims of ineffective trial counsel or whether grounds exist to withdraw a guilty plea cannot be reviewed on appeal absent a postconviction motion in

---

[1] Rothering's first allegation is that "counsel rendered ineffective assistance of counsel to petitioner at trial and appellate levels," and the first issue he states is "[w]hether the trial/appellate attorney['s] . . . erroneous advice is ineffective assistance of counsel."

[2] Rothering claims that trial counsel failed to inform him about the effect his guilty plea would have in the pending civil lawsuit arising out of his criminal conduct and of all possible defenses to the criminal charges. He further asserts that trial counsel gave erroneous advice as to the amount of time he would serve before being granted parole. He claims that if he had known about possible defenses and been advised as to the collateral consequences of his plea, he would have insisted on going to trial.

the trial court.[3] If the issues were raised for the first time on appeal, we would not address them. *See State v. Waites*, 158 Wis. 2d 376, 392-93, 462 N.W.2d 206, 213 (1990) (a claim of ineffective assistance of counsel not preserved by raising it at a postconviction hearing before the trial court is deemed waived); *State v. Gove*, 148 Wis. 2d 936, 941, 437 N.W.2d 218, 220 (1989) (even the claim of a denial of a constitutional right will be deemed waived unless timely raised in the trial court). Appellate counsel's failure to argue an issue on appeal which is waived is not ineffective assistance of counsel. *Cf. State v. Cummings*, 199 Wis. 2d 722, 748 n.10, 546 N.W.2d 406, 416 (1996) (an attorney's failure to pursue a meritless motion does not constitute deficient performance).

The distinction between appellate counsel and postconviction counsel is the decisive point here.[4] "[T]here are two principal manifestations of appellate

---

[3] Section 974.02(2), Stats., provides that a defendant is not required to file a postconviction motion in the trial court prior to an appeal "if the grounds are sufficiency of the evidence or issues previously raised." *State v. Monje*, 109 Wis. 2d 138, 153-54, 325 N.W.2d 695, 327 N.W.2d 641, 641 (1982) (on motion for reconsideration), teaches that these are the only two types of issues which may be appealed by filing a notice of appeal without a postconviction motion under Rule 809.30(2)(h), Stats.

[4] We are aware that often postconviction counsel and appellate counsel are the same person. Under Rule 809.30(2), Stats., the state public defender appoints counsel "for purposes of postconviction relief." Although the state public defender's "appellate" intake office makes the appointment, refers to counsel as "appellate" counsel, and the attorney usually continues representation through the filing of briefs on appeal, we are not bound by the designations used in the appointment of counsel after a conviction.

representation: (a) the brief and (b) oral argument." *Watson v. United States*, 536 A.2d 1056, 1057 (D.C. 1987), *cert. denied*, 486 U.S. 1010 (1988). Because the issues Rothering alleges appellate counsel should have briefed were waived, neither manifestation of appellate representation was deficient.

What Rothering really complains of is the failure of postconviction counsel to bring a postconviction motion before the trial court to withdraw his plea and raising the issue of ineffective trial counsel. The allegedly deficient conduct is not what occurred before this court but rather what should have occurred before the trial court by a motion filed by postconviction counsel. We hold that a *Knight* petition is not the proper vehicle for seeking redress of the alleged deficiencies of postconviction counsel.

In choosing the appellate court as the appropriate forum for addressing allegations of ineffective assistance of appellate counsel, an admittedly close call, the supreme court sought to pick the forum where the allegedly ineffective conduct occurred. *See Knight*, 168 Wis. 2d at 519, 484 N.W.2d at 544. The court noted that a challenge to the efficacy of appellate counsel did not directly challenge the trial proceeding that resulted in conviction and that the appellate court has familiarity with the case and appellate proceedings. *Id.* at 519, 521, 484 N.W.2d at 544, 545.

Those premises do not hold true when addressing the conduct of postconviction counsel and issues which were never preserved for appeal. The real relief sought here does not seek a modification of the appellate mandate but rather attacks the proceedings in the trial court. This court does not have any familiarity with the claims of ineffective trial counsel and whether the plea

should be withdrawn as they were never raised in this court.

An additional factor in *Knight* for choosing the appellate court as the forum for ineffective assistance of appellate counsel claims was the desire to avoid the "oblique" use of § 974.06, STATS., by requiring the trial court to vacate and reinstate a sentence in order to allow a fresh appeal to remedy the consequences of ineffective assistance of counsel. *Knight*, 168 Wis. 2d at 519, 484 N.W.2d at 544. The appropriate forum is that one which is able to link the remedy closely to the scope of the constitutional violation. *Id.* at 520, 484 N.W.2d at 544.

There can be no doubt that Rothering's petition for habeas corpus to this court is merely a vehicle for obtaining a trial court ruling on the underlying issues of ineffective trial counsel and whether grounds exist to withdraw the guilty plea.[5] These are issues over which this court only has appellate jurisdiction. If the claim of ineffective postconviction counsel is first brought to the trial court, the place where the allegedly deficient conduct occurred, the underlying issues come before this court in their proper appellate context. This approach keeps the relevant decisionmaking with the appropriate fact finder.[6]

---

[5] It has not gone unnoticed that claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel are means to circumvent a waiver. *See State v. Smith*, 170 Wis. 2d 701, 714 n.5, 490 N.W.2d 40, 46 (Ct. App. 1992), *cert. denied*, 507 U.S. 1035 (1993).

[6] We acknowledge that we have the ability to submit the matter to a referee or to the trial court for inquiry into counsel's conduct or to refer the habeas petition to the trial court. *See State v. Knight*, 168 Wis. 2d 509, 521, 484 N.W.2d 540, 545 (1992); *see also State v. Speese*, 191 Wis. 2d 205, 227, 528

We conclude that a claim of ineffective assistance of postconviction counsel should be raised in the trial court either by a petition for habeas corpus[7] or a motion under § 974.06, STATS.[8] We recognize that *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 173, 517 N.W.2d 157, 159 (1994), held that a defendant could not raise an ineffective assistance of trial counsel claim in a § 974.06 motion when the issue could have been raised on direct appeal. The court explained that § 974.06(4)[9]

N.W.2d 63, 72 (Ct. App. 1995), *rev'd on other grounds*, 199 Wis. 2d 597, 545 N.W.2d 510 (1996). Here, and in cases where appellate issues are waived, we decide as a matter of law that appellate counsel is not deficient for failing to brief waived issues. No factfinding is needed.

[7] Even though § 974.06, STATS., was designed to supplant habeas corpus, a petition for a writ of habeas corpus may still be appropriate in some circumstances. *Knight*, 168 Wis. 2d at 520, 484 N.W.2d at 544.

[8] Section 974.06(1), STATS., provides:

> After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[9] Section 974.06(4), STATS., provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was

"requires a *sufficient reason* to raise a constitutional issue in a sec. 974.06 motion that *could have been raised* on direct appeal or in a sec. 974.02 motion." *Escalona-Naranjo*, 185 Wis. 2d at 185, 517 N.W.2d at 164.

The court has not yet had much occasion to give an explication of the circumstances which constitute a "sufficient reason."[10] It may be in some circumstances that ineffective postconviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not. In other words, demonstrating to the trial court a sufficient reason for why issues were not raised on direct appeal raises the same questions about counsel's conduct which the defendant would attempt to characterize here as ineffective appellate counsel. It amounts to proof of the same thing. In some cases it may be necessary to undertake factfinding regarding postconviction discussions between counsel and the defendant to determine if, for a strategy reason, the defendant waived a particular issue. That is particularly true in the circumstances presented in Rothering's petition where trial, postconviction and appellate counsel was the same attorney. The trial court can perform the necessary factfinding function and directly rule on the sufficiency of the reason. On the other hand, we would have to remand to the trial court for findings on what occurred before the appeal was in this court.

---

inadequately raised in the original, supplemental or amended motion.

[10] In *State v. Howard*, 199 Wis. 2d 454, 462, 544 N.W.2d 626, 629 (Ct. App. 1996), we held that the fact that at the time of his appeal the defendant could not have foreseen the effect of a later decided precedent constitutes a sufficient reason for not raising the issue at an earlier date.

Section 974.06(8), STATS., provides:

A petition for a writ of habeas corpus or an action seeking that remedy in behalf of a person who is authorized to apply for relief by motion under this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced the person, or that the court has denied the person relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

Although in *Knight* the court found that a petition for habeas corpus was the remedy for a claim of ineffective appellate counsel, *Knight*, 168 Wis. 2d at 520, 484 N.W.2d at 544, it did not address claims of error not preserved for appellate review.[11] *Knight* does not foreclose the possibility that ineffective postconviction counsel could be a sufficient reason for permitting an additional motion for postconviction relief under § 974.06, STATS., thereby making the remedy under § 974.06 an adequate and effective remedy for the alleged errors.

Our authority on a claim of ineffective assistance of appellate counsel goes only to those issues argued before this court or preserved in the appellate record without the necessity of a postconviction motion. This court need not entertain a petition for a writ of habeas

---

[11] In *Knight*, the performance alleged to be deficient involved the failure to challenge trial court rulings that were contained in the record on the underlying appeal and the failure to file a petition seeking supreme court review. *Knight*, 168 Wis. 2d at 513-14, 484 N.W.2d at 541. It was not the case there that a postconviction motion was necessary to preserve the alleged errors which appellate counsel allegedly should have briefed.

corpus which raises a claim of ineffective postconviction counsel. Section 974.06(8), STATS.

*By the Court.*—Writ denied.