State of Wisconsin, Plaintiff-Respondent,
v.
Eugene Henry Jensen, Defendant-Appellant.
No. 03-0828.
Court of Appeals of Wisconsin.
Opinion Filed: April 15, 2004.
Before Dykman, Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
Eugene Jensen, pro se, appeals the circuit court order denying his motions for postconviction relief brought pursuant to WIS. STAT. § 974.06 (2001-02).[1] We reject Jensen's arguments that he received ineffective assistance of postconviction counsel and that he should be retried based on newly discovered evidence. We conclude that Jensen's other arguments are barred by State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Accordingly, we affirm.
¶2 Jensen was found guilty of two counts of first-degree sexual assault of a child. On October 29, 2002, the circuit court denied Jensen's postconviction motion, brought by Attorney Robert Ruth. Jensen then moved pro se to extend the deadline for filing his notice of appeal, explaining that he needed additional time because his attorney had been allowed to withdraw. We granted the motion, extending the deadline to February 15, 2003. Rather than appeal, however, Jensen filed a second postconviction motion on February 14, 2003, pursuant to WIS. STAT. § 974.06. On February 26, 2003, the circuit court entered an order denying the second postconviction motion. Jensen now appeals the order denying the second postconviction motion.[2]
¶3 Jensen argues that Attorney Ruth ineffectively represented him during postconviction proceedings.[3] He contends that Ruth: (1) did a minimal amount of work for him; (2) did not listen to his needs and wishes; and (3) was aware, but did not act on, exculpatory informationthat the victim's school attendance showed he had not been kept home from school when the assaults occurred as suggested by the prosecution. We reject Jensen's claims for two reasons. First, our review of the record shows that Attorney Ruth diligently and aptly represented Jensen during these long proceedings. Second, even assuming the truth of Jensen's allegations, Jensen has failed to allege how counsel's acts prejudiced him, which is necessary to establish a claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (a defendant must show that counsel's performance was deficient and that the performance prejudiced his or her defense). Jensen had ample access to the victim, who was residing with him, regardless of whether the victim attended school.
¶4 Jensen next claims he should be retried based on newly discovered evidence. This argument largely recasts Jensen's ineffective assistance of counsel claim based on the school attendance record, which we have already addressed. To the extent that Jensen claims other information is "newly discovered," he then undermines his argument by saying that he previously told his attorney of the information or the information was readily available in his file. This claim is without merit. As an independent ground for denying Jensen's claim of newly discovered evidence, we note that Jensen did not raise this argument in the circuit court, so he is not now entitled to review. See State v. Caban, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) (we will generally not review issues raised for the first time on appeal).
¶5 Jensen raises a number of other issues. However, these arguments were all previously raised in Jensen's first postconviction motion, although Jensen has emphasized different aspects of the claims in their current incarnation and embellished various points. Because these arguments were previously raised, Jensen has no right to raise them again. See Escalona-Naranjo, 185 Wis. 2d at 181 (if a defendant's arguments have been finally adjudicated, they may not become the basis for a subsequent postconviction motion). Finally, we decline Jensen's request for discretionary reversal in the interest of justice. Nothing in the record suggests that such relief is warranted.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Jensen states in his notice of appeal that he is also appealing the underlying judgment of conviction, but the deadline for appealing the underlying judgment and order denying Jensen's first motion for postconviction relief elapsed on February 15, 2003. Because Jensen did not timely appeal the underlying judgment and first order, only the order denying the second postconviction motionwhich was timely appealedis before us.
[3] The State correctly argues that this claim should have been raised by petition for writ of habeas corpus in the circuit court. See State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 681, 556 N.W.2d 136 (Ct. App. 1996). We nevertheless address Jensen's argument in the interest of judicial economy.