State of Wisconsin, Plaintiff-Respondent,
v.
CHILDERIC MAXY, Defendant-Appellant.
No. 2003AP3444.
Court of Appeals of Wisconsin.
Opinion Filed: April 21, 2005.
Before Dykman, Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
Childeric Maxy appeals from an order denying his postconviction motion brought under WIS. STAT. § 974.06 (2003-04).[1] We affirm.
¶2 Maxy's motion alleged that appellate counsel was ineffective for failing to raise certain issues in his prior postconviction proceeding. The motion correctly noted that when a defendant wants to raise such a claim and the issue(s) counsel allegedly failed to raise are ones not preserved for review without further circuit court proceedings, the defendant must file the claim in circuit court under WIS. STAT. § 974.06 or as a habeas corpus petition. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 681-84, 556 N.W.2d 136 (Ct. App. 1996).
¶3 The circuit court concluded Maxy's motion was barred by WIS. STAT. § 974.06(4), as interpreted by State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because Maxy failed to show "sufficient reason" for not raising these issues in his original postconviction proceeding. We disagree. This analysis would put a defendant in an endless circle. It would not have been possible for Maxy to raise a claim of ineffective assistance by appellate counsel in his original postconviction motion because the prejudice from any such ineffectiveness did not occur until the postconviction proceeding came to an end without obtaining the result Maxy sought. We conclude the motion alleging ineffective assistance by appellate counsel was not barred by § 974.06(4) or, if it was, the motion must be construed as a habeas petition to which the bar provided in that statute would not apply. Therefore, we turn to the merits of the motion.
¶4 The State argues we should reject Maxy's appeal because of the inadequate and confused nature of his brief. We agree the brief is very difficult to understand. However, we are able to understand at least some of his arguments and therefore we address those points.
¶5 To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if defendant makes an inadequate showing on one. Id. at 697. To demonstrate prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. Id.
¶6 One of Maxy's claims is that his trial counsel should have had Maxy's blood sample tested by an independent laboratory, apparently to look for formaldehyde, which Maxy argues would have supported some kind of intoxication defense. However, he provides no reason to believe additional blood testing would have found some other substances or that the additional substance would support the claimed defense. Therefore, he has not sufficiently alleged prejudice. Maxy also argues counsel should have obtained an expert witness to testify on the effects of the caffeine, ibuprofen, and other substances found in his blood. However, he provides no basis to conclude such an expert would have testified in a manner that assisted Maxy's defense. Again, this is an insufficient allegation of prejudice.
¶7 Maxy also argues his Miranda[2] rights were violated because he was questioned after receiving medical treatment and had been advised to rest. The evidence he believes should be suppressed is the testimony by the two witnesses who Maxy claimed drugged him and whose identity he gave to police during questioning. However, this claim fails because it would have been necessary for Maxy to identify these witnesses in order for him to present the defense that he was drugged.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Miranda v. Arizona, 384 U.S. 436 (1966).