PER CURIAM.
¶ 1 Ronnie Famous appeals pro se from an order denying his WIS. STAT. § 974.06 (2015-16)[1] postconviction motion alleging that trial counsel was ineffective for failing to call two fact witnesses and that postconviction counsel's ineffectiveness constituted a sufficient reason for failing to raise this claim earlier. Because Famous has not established that postconviction counsel provided ineffective assistance or that the circuit court erred in denying Famous's motion to subpoena additional witnesses, we affirm.
¶ 2 In 1998, a jury convicted Famous of four counts of first-degree sexual assault of a child and one count of exposing a child to harmful materials. The victim testified that when she was ten years old and in Famous's room trying to calm her baby sister, Famous carried in a television and VCR and barricaded the door with a dresser. After showing the victim a sexually explicit video, Famous sexually assaulted her. Appointed counsel filed a postconviction motion and then a direct appeal. We affirmed the judgment of conviction and order denying postconviction relief. State v. Famous , No. 2000AP422-CR, unpublished slip op. (WI App Sept. 19, 2001) (Famous I ).
¶ 3 In 2013, Famous filed a WIS. STAT. § 974.06 postconviction motion alleging new claims of ineffective assistance of trial counsel and asserting that postconviction counsel's failure to raise the newly identified claims earlier, as part of Famous's WIS. STAT. RULE 809.30 direct appeal process, constituted ineffective assistance of postconviction counsel. The circuit court denied the motion without a hearing.
¶ 4 On appeal, we affirmed the circuit court in part, concluding that the bulk of Famous's claims did not merit an evidentiary hearing. State v. Famous , No. 2014AP290, unpublished slip op. ¶ 1 (WI App Nov. 4, 2015) (Famous II ). However, we reversed in part and remanded for a Machner[2] hearing on Famous's claim that trial counsel was ineffective for failing to present two fact witnesses to refute the victim's testimony and that the failure to raise this issue earlier was due to the ineffective assistance of postconviction counsel. Famous II , No. 2014AP290, unpublished slip op. ¶ 12. More specifically, Famous's WIS. STAT. § 974.06 postconviction motion contained signed declarations from two witnesses asserting that they planned to testify on Famous's behalf,[3] but were told by his trial counsel that their testimony would hurt Famous and that counsel would not call them at trial. Id. Famous's § 974.06 motion asserted that his trial attorney lied and told him the witnesses refused to testify and that trial counsel's conduct was in retaliation for Famous having sought counsel's discharge during trial. Id. We determined that the motion's allegations were sufficient to trigger an evidentiary hearing. Id.
¶ 5 At a status conference following remand, the circuit court scheduled a hearing "at which we limit the testimony to that of [postconviction counsel], and then if there are issues that arise that necessitate other testimony," the court would "set the matter over." Famous agreed but then filed a motion seeking to have the court subpoena three additional witnesses for the upcoming hearing. The court declined, clarifying as the issue for the Machner hearing "whether postconviction counsel ... was ineffective for failing to raise the ineffective assistan[ce] of trial counsel who did not call two witnesses to testify on your behalf."
¶ 6 The court conducted an evidentiary Machner hearing on the issue of whether postconviction counsel was ineffective for failing to raise the ineffective assistance of trial counsel who, allegedly out of retaliation, failed to call the two alibi witnesses and lied about this to Famous. After hearing the testimony of both postconviction counsel and Famous, the circuit court denied the motion, concluding that postconviction counsel did not perform deficiently. Famous appeals.
¶ 7 Famous acknowledges that absent a sufficient reason, a defendant is procedurally barred from using a WIS. STAT. § 974.06 postconviction motion to bring claims that could have been raised earlier. See State v. Escalona-Naranjo , 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994) ; see also § 974.06(4). His proffered reason is the ineffective assistance of postconviction counsel. See State ex rel. Rothering v. McCaughtry , 205 Wis. 2d 675, 682-83, 556 N.W.2d 136 (Ct. App. 1996). To prevail, Famous carries the burden of establishing that postconviction counsel's performance was both deficient and prejudicial. State v. Balliette , 2011 WI 79, ¶ 21, 336 Wis. 2d 358, 805 N.W.2d 334 (citing Strickland v. Washington , 466 U.S. 668, 687 (1984) ). There is a strong presumption that postconviction counsel rendered effective assistance. See Balliette , 336 Wis. 2d 358, ¶¶ 26, 28. In addition, the defendant must demonstrate that the new claims he wishes to bring are clearly stronger than those actually presented by postconviction or appellate counsel. State v. Romero-Georgana , 2014 WI 83, ¶ 45, 360 Wis. 2d 522, 849 N.W.2d 668 (citation omitted).
¶ 8 At the Machner hearing, postconviction counsel testified about the claims he raised during Famous's WIS. STAT. RULE 809.30 postconviction motion and direct appeal, some alleging circuit court error and others alleging the ineffective assistance of trial counsel. He filed a postconviction motion that resulted in resentencing, and then filed a direct appeal. Postconviction counsel stated that before filing a postconviction motion, he discussed the case with Famous and retained an investigator. Postconviction counsel recounted several issues he discussed with Famous but testified that he did not recall Famous telling him that trial counsel engaged in retaliatory conduct, told the fact witnesses that their testimony would only harm Famous, or told Famous the witnesses refused to testify. Postconviction counsel testified that if Famous had told him any of those things, he would have investigated further. Postconviction counsel testified that he raised the issues he believed had merit and that "if those issues that are being raised today by Mr. Famous had been discussed" and determined to have merit, he "would have raised them" along with the other ineffective assistance claims.
¶ 9 Famous testified that he asked postconviction counsel to "bring in" the issue of his "alibi witnesses, which he says he [does not] recall." According to Famous, postconviction counsel said "he would investigate the issue, and he would be filing the issues that I asked him to bring up. He would file that issue" along with the issues that were ultimately raised.
¶ 10 We conclude that Famous failed to establish that postconviction counsel performed deficiently. The circuit court believed postconviction counsel's testimony that if Famous had told him that trial counsel engaged in retaliation and misrepresented that the alibi witnesses refused to testify, postconviction counsel would have investigated this claim. See Bank of Sun Prairie v. Opstein , 86 Wis. 2d 669, 676, 273 N.W.2d 279 (1979) (the circuit court acting as fact finder is the ultimate arbiter of witness credibility). Though the circuit court acknowledged that Famous's letter to postconviction counsel mentioned a potential alibi witness issue, the court stated:
But this record of sworn testimony does not establish that there was retaliation [by trial counsel] involved, nor that Mr. Famous advised [postconviction counsel] that there were some retaliation involved. All I know is that apparently Mr. Famous discussed the issue of alibi witnesses with [postconviction counsel], and [postconviction counsel] determined that he would not raise it.
¶ 11 The court's implicit finding that Famous did not tell postconviction counsel about trial counsel's purported retaliatory refusal to call witnesses is not clearly erroneous. State v. Thiel , 2003 WI 111, ¶¶ 21, 23, 264 Wis. 2d 571, 665 N.W.2d 305. On this sparse record, Famous has not established postconviction counsel's deficiency. Further, we agree with the circuit court that Famous has failed to establish that the newly asserted claim is clearly stronger than those actually presented by postconviction/appellate counsel. See Romero-Georgana , 360 Wis. 2d 522, ¶ 45.
¶ 12 Next, Famous argues that the circuit court erroneously exercised its discretion in denying his motion to subpoena for the Machner hearing the two fact witnesses identified in his WIS. STAT. § 974.06 postconviction motion, as well as trial counsel. We disagree. The circuit court properly limited the testimony to the issue of whether there was a reason sufficient to overcome the procedural bar, namely, the ineffective assistance of postconviction counsel. See WIS. STAT. § 885.10 (the court may authorize the issuance of a subpoena on behalf of an indigent defendant only when deemed "proper and necessary"). After hearing arguments from the State and from Famous about the other three witnesses, the circuit court decided it would first take the testimony of postconviction counsel and then determine if other witness testimony was necessary. Famous several times agreed to this approach on the record. After the Machner hearing, the circuit court determined that regardless of what testimony trial counsel and the two fact witnesses might offer, Famous had failed to demonstrate that postconviction counsel's failure to raise the subject claim constituted deficient performance. In other words, the circuit court found that postconviction counsel's conduct did not constitute a sufficient reason for failing to raise the issue earlier. We see no error.
By the Court.- Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

State v. Machner , 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

According to the witness declarations, the victim was in the living room watching television at the time of the alleged assault, and Famous never moved the television and VCR into his room.