# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 23, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2018AP733** | Cir. Ct. No. 2012CF312 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT II** |

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MATTHEW L. DENNIS,

    DEFENDANT-APPELLANT.

---

APPEAL from orders of the circuit court for Walworth County: DAVID M. REDDY, Judge. *Affirmed.*

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Matthew Dennis appeals pro se from circuit court orders denying his WIS. STAT. § 974.06 (2017-18)[1] motion alleging ineffective assistance of postconviction counsel and his subsequent motion to reconsider.[2] We agree with the circuit court that Dennis's motion did not allege sufficient facts regarding postconviction counsel's performance to warrant an evidentiary hearing. Because the circuit court did not misuse its discretion in denying Dennis's § 974.06 motion without a hearing, we affirm.

¶2 In 2015, we affirmed Dennis's convictions for four counts of second-degree sexual assault of a child and the denial of his ineffective assistance of trial counsel claims. *State v. Dennis*, No. 2014AP2538-CR, unpublished slip op. (WI App Nov. 5, 2015). In 2017, Dennis filed a WIS. STAT. § 974.06 motion alleging ineffective assistance of postconviction counsel for not challenging additional aspects of trial counsel's representation.[3] The circuit court denied the motion without an evidentiary hearing. Dennis sought reconsideration, which the circuit court denied.

¶3 A circuit court must hold an evidentiary hearing if the defendant's WIS. STAT. § 974.06 motion alleges sufficient facts that, if true, show that the defendant is entitled to relief. *State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] The State argues that the order denying reconsideration is not before this court. We disagree. Dennis timely filed a notice of appeal from the orders denying his WIS. STAT. § 974.06 motion and the motion denying reconsideration.

[3] A claim of ineffective assistance of postconviction counsel is properly brought in the circuit court via a WIS. STAT. § 974.06 motion. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681, 556 N.W.2d 136 (Ct. App. 1996).

358, 805 N.W.2d 334. However, if the motion does not allege such facts, "or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court has the discretion to grant or deny the motion. *Id.* (citation omitted). A motion alleging ineffective assistance of postconviction counsel must allege facts regarding postconviction counsel's performance and establish a sufficient reason for postconviction counsel's failure to litigate issues now raised in a § 974.06 motion. *State v. Romero-Georgana*, 2014 WI 83, ¶¶6, 35-36, 360 Wis. 2d 522, 849 N.W.2d 668.

¶4    In his WIS. STAT. § 974.06 motion, Dennis alleged various deficiencies in trial counsel's representation (trial counsel failed to offer expert opinion and failed to call Dennis and certain other witnesses to testify at trial). Dennis argued that these ineffective assistance of counsel claims were "clearly stronger" than the claims postconviction counsel pursued in Dennis's original WIS. STAT. RULE 809.30 postconviction motion.[4]

¶5    The circuit court denied Dennis's WIS. STAT. § 974.06 motion without an evidentiary hearing because other than claiming that postconviction counsel should have raised certain issues, the motion offered nothing else to support his claim that postconviction counsel was ineffective, including any facts regarding postconviction counsel's performance. The circuit court also was not persuaded that the issues raised in the § 974.06 motion were clearly stronger than

---

[4] The clearly stronger standard applies to the ineffective assistance of postconviction counsel claims in Dennis's WIS. STAT. § 974.06 motion. *State v. Romero-Georgana*, 2014 WI 83, ¶58, 360 Wis. 2d 522, 849 N.W.2d 668. However, because we hold that the motion lacks the required factual allegations and is legally insufficient, we need not discuss the clearly stronger standard.

the issues postconviction counsel chose to raise in the original WIS. STAT. RULE 809.30 motion.

¶6      In his reconsideration motion, Dennis offered facts about his interactions with postconviction counsel while counsel prepared to file and litigate the WIS. STAT. RULE 809.30 motion.  The circuit court declined to reconsider because the original motion and the reconsideration motion lacked the required factual allegations.

¶7      On appeal, Dennis argues that his reconsideration motion provided a factual basis for his WIS. STAT. § 974.06 motion.  We review the circuit court's denial of a motion for reconsideration for an erroneous exercise of discretion.  ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853.[5]  In determining whether the circuit court properly exercised its discretion in connection with the reconsideration motion, we consider the following persuasive discussion of the purpose of such a motion:

> Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original] motion.

***Rothwell Cotton Co. v. Rosenthal & Co.***, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted).

---

[5] A WIS. STAT. § 974.06 motion is a civil proceeding.  Sec. 974.06(6).

¶8      Dennis's reconsideration motion provided facts known to him at the time he filed his WIS. STAT. § 974.06 motion.  *See **Romero-Georgana***, 360 Wis. 2d 522, ¶64 (facts are necessary to support an ineffective assistance of postconviction counsel claim).   Because Dennis's reconsideration motion was merely a vehicle to offer facts that should have been offered with his original § 974.06 motion, the circuit court did not misuse its discretion when it declined to reconsider its denial of Dennis's § 974.06 motion.  *See **State v. Rognrud***, 156 Wis. 2d 783, 789, 457 N.W.2d 573 (Ct. App. 1990) (we may affirm a correct decision of the circuit court even though that court relied on other grounds).

¶9      We turn to whether the circuit court misused its discretion when it denied Dennis's WIS. STAT. § 974.06 motion without an evidentiary hearing.  As stated, Dennis's motion offered only conclusory allegations that postconviction counsel was ineffective.  *See **Romero-Georgana***, 360 Wis. 2d 522, ¶36.  We agree with the circuit court that the motion was insufficient as a matter of law because Dennis did not allege either a factual basis for his ineffective assistance of postconviction counsel claim or a sufficient reason for postconviction counsel's failure to litigate issues now raised in his § 974.06 motion.  Denying the § 974.06 motion without an evidentiary hearing was a proper exercise of discretion.  ***Romero-Georgana***, 360 Wis. 2d 522, ¶30.

        *By the Court*.—Orders affirmed.

        This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.

5