# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1496**

Cir. Ct. No. **2010CF2323**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JESUS GONZALEZ,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MICHELLE ACKERMAN HAVAS, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Jesus Gonzalez appeals the order denying his WIS. STAT. § 974.06 (2019-20)[1] motion for a new trial, entered following an evidentiary hearing.   Gonzalez argues that the circuit court erred in denying his motion because his trial counsel rendered ineffective assistance when she advised him not to testify at his trial.   Gonzalez also argues that his first postconviction counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness during his direct appeal.   Upon review, we affirm.

## BACKGROUND

¶2    We have previously discussed the facts of Gonzalez's case in *State v. Gonzalez* (*Gonzalez I*), No. 2015AP784-CR, unpublished slip op. (WI App Mar. 8, 2016), and *State v. Gonzalez* (*Gonzalez II*), No. 2018AP257, unpublished slip op. (WI App June 25, 2019), and accordingly, we need not repeat the facts in detail here.   It suffices to say that the State charged Gonzalez with first-degree intentional homicide with use of a dangerous weapon and attempted first-degree intentional homicide with use of a dangerous weapon.   The charges stemmed from the shootings of Danny John and J.C.   John died as a result of the shootings and J.C. was left paralyzed.   At trial, Gonzalez argued that he shot the victims in self-defense.   *See Gonzalez II*, No. 2018AP257, ¶4.   Gonzalez himself did not testify.   The trial court instructed the jury on self-defense, and the jury ultimately found Gonzalez guilty of first-degree reckless homicide and first-degree

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

reckless injury, as lesser-included offenses. *Id.*, ¶5.[2] The trial court sentenced Gonzalez to twenty years of initial confinement and five years of extended supervision on the homicide count. On the reckless-injury count, the trial court concurrently sentenced Gonzalez to five years of initial confinement and five years of extended supervision.

¶3 Gonzalez, by postconviction counsel, filed a postconviction motion for a new trial pursuant to WIS. STAT. § 809.30 (2017-18). The circuit court[3] denied the motion. Gonzalez appealed, arguing trial court error in that the trial court failed to follow the statutory procedure for striking an alternate juror and permitted the jury to take notes during closing arguments. This court affirmed the judgment of conviction. *See Gonzalez I*, No. 2015AP784-CR.

¶4 Gonzalez, *pro se*, then filed a WIS. STAT. § 974.06 motion seeking an evidentiary hearing on the grounds of ineffective assistance of counsel. As relevant to this appeal, Gonzalez argued that trial counsel was ineffective for advising him not to testify at trial in support of his self-defense theory. He argued that the motion was not procedurally barred because postconviction counsel was ineffective for failing to raise the issue on direct appeal. The circuit court denied the motion; however, this court remanded the matter for an evidentiary hearing on

---

[2] The jury found Gonzalez guilty of first-degree reckless homicide and first-degree reckless injury. Subsequently, the parties informed the circuit court that the jury had been incorrectly instructed that first-degree reckless injury is a lesser included offense of attempted first-degree intentional homicide. Pursuant to an agreement between the parties, the court vacated the jury's conviction for first-degree reckless injury, and Gonzalez pled no contest to a charge of second-degree recklessly endangering safety. *State v. Gonzalez* (*Gonzalez II*), No. 2018AP257, unpublished slip op. ¶5 (WI App June 25, 2019).

[3] We refer to the court that presided over Gonzalez's trial as the trial court, and the courts that presided over Gonzalez's postconviction motions as the circuit court.

3

the limited allegations that Gonzalez's trial counsel was ineffective for advising him not to testify at trial, and that postconviction counsel was ineffective for not raising that issue in his first appeal. *See Gonzalez II*, No. 2018AP257, ¶38.

¶5 Both trial counsel and postconviction counsel testified at the hearing. Gonzalez's trial counsel, Nelida Cortes, testified that she did not believe she had any evidence that "would have benefitted a self-defense claim." Cortes also testified that Gonzalez's version of events did not support a self-defense claim. Cortes stated that she spoke "with local attorneys that are considered experts" and with "three individuals who are not attorneys who work in the area of self-defense who were referred to [her] as experts." Cortes said that "none of them believ[ed] he had a self-defense claim." Cortes also stated that she advised Gonzalez not to testify so as to prevent the State from poking significant holes in Gonzalez's testimony.

¶6 Gonzalez's first postconviction counsel, Timothy Provis, testified that he appealed Gonzalez's convictions based on what he felt were the strongest arguments. He testified that he sent a letter to Gonzalez, responding to each of the issues Gonzalez inquired about and explained that he found no basis to challenge trial counsel's performance. Provis also testified that the issues he chose for the appeal were "the best ones" and were "issues ... of basic fairness." He also testified that Gonzalez never mentioned Cortes's advice not to testify. Provis further stated that the record gave him no reason to raise the issue as the trial court conducted a thorough colloquy with Gonzalez regarding Gonzalez's decision not to testify.

¶7 Gonzalez also testified, telling the circuit court he would have testified, but for Cortes's advice. He also testified in detail about what his

testimony would have been; specifically, that he perceived a threat from J.C. who pointed a gun at him, he followed him back to the tavern parking lot, and then he perceived a mortal threat from John's car and fired seven shots.

¶8      The circuit court denied Gonzalez's motion for a new trial, finding that Cortes "knew Mr. Gonzalez's story, as she was his attorney, and believed his testimony would not lend itself to a self-defense claim." The circuit court stated that trial counsel was "somehow able to argue self-defense without putting Mr. Gonzalez up to tell his story, which did not, at the time of trial, support a theory of self-defense." The circuit court noted that "arguably it worked as the jury found him guilty of the lesser-included offense." The circuit court also found that the ineffective assistance of counsel claim was not "clearly stronger" than the issues postconviction counsel advanced in Gonzalez's direct appeal, thus rejecting Gonzalez's ineffective assistance of postconviction counsel claim. This appeal follows.

## DISCUSSION

¶9      Absent a sufficient reason, a defendant is procedurally barred from using a WIS. STAT. § 974.06 postconviction motion to bring claims that could have been raised earlier. *See* ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994); § 974.06(4). The ineffective assistance of postconviction counsel may constitute a reason sufficient to overcome the procedural bar. *See* ***State ex rel. Rothering v. McCaughtry***, 205 Wis. 2d 675, 682-83, 556 N.W.2d 136 (Ct. App. 1996). In determining whether postconviction counsel was ineffective, we first examine trial counsel's performance. *See* ***State v. Ziebart***, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶10    To prevail on an ineffective assistance of counsel claim, a defendant must establish that counsel performed deficiently and that this deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a defendant must show specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance." *Id.* at 690. Judicial review of an attorney's performance is "highly deferential" and the reasonableness of an attorney's acts must be viewed from counsel's contemporary perspective to eliminate the distortion of hindsight. *State v. Maloney*, 2005 WI 74, ¶25, 281 Wis. 2d 595, 698 N.W.2d 583. To prove prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We need not address both prongs of the test if the defendant fails to make a sufficient showing on either one. *See id.* at 697.

¶11    We conclude that Gonzalez cannot demonstrate that Cortes rendered ineffective assistance. Cortes testified that she made a strategic decision in advising Gonzalez not to testify because Gonzalez's factual rendition of events did not support a self-defense claim. We give great deference to trial counsel's decisions in choosing a trial strategy. *See State v. Balliette*, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334. We will sustain counsel's strategic decisions, as long as they were reasonable under the circumstances. *See id.* Cortes stated that she consulted with multiple attorneys and self-defense experts, none of whom thought that Gonzalez had a strong self-defense claim. Indeed, counsel expressed concern that Gonzalez's testimony would weaken his defense. Cortes's strategy was not objectively unreasonable.

6

¶12 As to Gonzalez's claim that Provis rendered ineffective assistance as postconviction counsel, we again note that absent a sufficient reason, Gonzalez is procedurally barred from raising issues in a WIS. STAT. § 974.06 postconviction motion that he could have raised on direct appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 181-82. Where, as here, the ineffective assistance of postconviction counsel is alleged as the sufficient reason, the defendant must set forth with particularity facts showing that postconviction counsel's performance was both deficient and prejudicial. *See Balliette*, 336 Wis. 2d 358, ¶¶58-59. In addition, the defendant must allege that his newly raised issue is "clearly stronger" than those raised previously. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶43-46, 360 Wis. 2d 522, 849 N.W.2d 668.

¶13 Because Gonzalez's ineffective assistance of counsel claim fails, his claim of ineffective assistance of postconviction counsel necessarily fails. *See Ziebart*, 268 Wis. 2d 468, ¶15. Accordingly, Gonzalez has not demonstrated that his ineffective assistance of counsel claim is clearly stronger than the claims his postconviction counsel brought in his direct appeal. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4. As a result, Gonzalez is barred from obtaining relief by way of a WIS. STAT. § 974.06 motion. *See Escalona-Naranjo*, 185 Wis. 2d at 185-86.

¶14 For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

7