COURT OF APPEALS
DECISION
DATED AND FILED

December 14, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1564**

Cir. Ct. No. **2006CF1473**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RAYMON EVANS,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: EVERETT MITCHELL, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Raymon Evans, by counsel, appeals a circuit court order denying his postconviction motion for plea withdrawal filed pursuant to WIS. STAT. § 974.06 (2021-22).[1] Evans argues that his postconviction counsel rendered constitutionally ineffective assistance by failing to raise a claim of trial counsel's ineffectiveness, and that the circuit court erred in denying his § 974.06 motion. We conclude that Evans's claim for plea withdrawal is procedurally barred, and we affirm the order of the circuit court on that basis.

## BACKGROUND

¶2 In 2006, the State charged Evans with six felonies, each as a repeater. The charges arose from batteries and robberies of two different cab drivers on two successive days, as well as the use of a stolen credit card obtained in the robberies. The case was set for a jury trial in July 2007. Before jury selection, Evans's trial counsel requested a recess to confer with Evans. After returning from the recess, counsel informed the court that Evans had decided to accept a plea offer from the State. The court conducted an on-the-record plea colloquy with Evans. Evans was then convicted, upon entry of no contest pleas, as being a party to the crimes of armed robbery with threat of force and aggravated battery with intent to cause great bodily harm, each as a repeat offender.

¶3 Prior to sentencing, Evans moved to withdraw his pleas on the basis that he did not fully understand the elements of the crimes and the repeater enhancers. The circuit court found that Evans's claimed misunderstandings were not credible, and it denied the motion for presentencing plea withdrawal. The

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

court initially sentenced Evans on June 16, 2008. Evans then filed a postconviction motion under WIS. STAT. RULE 809.30, arguing that the court had failed to consider the applicable sentencing guidelines. The circuit court granted Evans a resentencing hearing and, at resentencing, it imposed a total of 22 years of initial confinement and 17 years of extended supervision.

¶4 Following resentencing, Evans filed a second postconviction motion. Evans requested plea withdrawal on the basis that his pleas were not knowing, intelligent, and voluntary. The circuit court denied the motion following a non-evidentiary hearing. Evans pursued a direct appeal, and this court affirmed the circuit court's decision. *See State v. Evans*, No. 2010AP186-CR, unpublished slip op. (WI App Oct. 14, 2010).

¶5 Then, in October 2020, Evans filed a postconviction motion under WIS. STAT. § 974.06, again seeking to withdraw his pleas. Evans argued that his trial counsel failed to inform him before he pled that there were problems with the identifications made by the two cab drivers who were victims. Specifically, the motion alleged that one of the drivers failed to positively identify Evans in a photo lineup as the person who had robbed and assaulted him. The motion also alleged that the other cab driver informed a police detective that he was not sure if he would be able to recognize Evans if he saw him again because it was dark and the attack happened quickly. Evans argued that his postconviction counsel was ineffective for failing to raise these identification issues within the context of a claim for ineffective assistance of trial counsel in Evans's direct appeal. The circuit court held a *Machner*[2] hearing over the course of two days. In a written

---

[2] *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

decision and order dated June 16, 2023, the circuit court denied Evans's § 974.06 motion. Evans appeals.

## DISCUSSION

¶6      Evans argues that his postconviction counsel, Paul LaZotte, rendered constitutionally ineffective assistance by failing to pursue plea withdrawal on the ground that Evans's trial counsel, David Geier, was ineffective for not informing Evans, at the time of his plea, about problems with two identification witnesses. Evans requests that this court remand the case with instructions for the circuit court to enter an order permitting him to withdraw his pleas.

¶7      The State argues that Evans's current claim for plea withdrawal is procedurally barred under WIS. STAT. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994), because Evans has not established a sufficient reason for failing to raise the claim in his original postconviction motion. We agree. As discussed in further detail below, we conclude that Evans's current claim is procedurally barred.

¶8      A defendant cannot raise an argument in a postconviction motion that the defendant could have raised but did not raise in the defendant's original postconviction motion unless there is a sufficient reason for the defendant's failure to raise the issue in the original motion. *Escalona-Naranjo*, 185 Wis. 2d at 181-82; *see also* WIS. STAT. § 974.06(4). In some cases, ineffective assistance of postconviction counsel may constitute a "sufficient reason" for failure to raise an issue earlier. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681-83, 556 N.W.2d 136 (Ct. App. 1996).

4

¶9      Here, Evans argues that the alleged ineffective assistance of his postconviction counsel constitutes a sufficient reason for failing to raise his current plea withdrawal claim in his original postconviction motion. In order to prove ineffective assistance of postconviction counsel, Evans must prove both that his postconviction counsel's conduct was deficient and that the deficient performance prejudiced the defense. *See **Strickland v. Washington***, 466 U.S. 668, 687 (1984). "An ineffective assistance of counsel claim presents a mixed question of fact and law." ***State v. Pico***, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. The circuit court's findings of fact will not be reversed unless they are clearly erroneous. ***Id.*** "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." ***Id.***

¶10     The record establishes that, prior to filing the original postconviction motion, Evans's postconviction counsel, Attorney LaZotte, was aware that discovery produced by the State reflected that the cab drivers had been unable to positively identify Evans and, further, that LaZotte determined that these identification issues did not provide a basis for postconviction relief. At the ***Machner*** hearing, LaZotte testified that he and Evans discussed these identification issues prior to the filing of the original postconviction motion, and LaZotte told Evans that LaZotte would not be addressing the issues in a postconviction motion because he understood that Evans had discussed the issue with his trial attorney prior to entering his plea. LaZotte testified:

> [I]t's my understanding that Attorney Geier, in speaking to Mr. Evans, said, ["Y]es, if we proceed to trial, I think we can put on a good defense case where neither of the cab drivers will be able to identify you as one of the persons in the cab, committing the robbery. However, the circumstantial evidence is such that I think you'll still be convicted.["]

¶11    By contrast, Evans testified at the ***Machner*** hearing that he did not know anything about the identification issues prior to pleading no contest and that, if he had known, he would not have entered his pleas.  Evans further asserts that the circuit court did not make any explicit credibility findings on the record and, therefore, the court "must have found Evans credible."

¶12    Evans's focus on what information he knew or did not know at the time he pled is misplaced, given that Evans is facing a procedural bar under ***Escalona-Naranjo*** and WIS. STAT. § 974.06(4).   Evans identifies ineffective assistance of postconviction counsel as a sufficient reason for failing to bring all of his claims in his original postconviction motion.  The dispositive inquiry, then, is not what Evans knew; it is instead whether his postconviction counsel was constitutionally ineffective in selecting the issues that would be raised in the postconviction motion.

¶13    The circuit court concluded that Attorney LaZotte did not perform deficiently or prejudice the defense and, therefore, did not render ineffective assistance of counsel.  In reaching that conclusion, the court relied on LaZotte's testimony that he understood trial counsel to have informed Evans, prior to his decision to enter the pleas, that trial counsel believed that the victims could not identify him but also believed that the circumstantial evidence was such that Evans would likely still be convicted.

¶14    Evans correctly points out that the circuit court's decision denying his WIS. STAT. § 974.06 motion does not contain any explicit credibility findings. Nonetheless, when we consider the decision as a whole, we have no doubt that the court made an implicit finding that LaZotte's testimony on this issue was more credible than Evans's.  We also read the circuit court's decision as containing an

implicit factual finding that Evans and Attorney Geier did, in fact, discuss the problems with the identification of witnesses with Evans, prior to Evans entering his pleas. The court acknowledged that the differing testimony given by Evans and LaZotte at the *Machner* hearing created a factual dispute, and that Evans failed to resolve the dispute with convincing evidence to the contrary. Likewise on appeal, Evans fails to point to any evidence in the record that could support an argument that the court clearly erred in making these implicit findings.

¶15 We defer to both express and implicit credibility findings of the circuit court. *Jacobson v. American Tool Cos.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998). "We must uphold a circuit court's determinations of historical fact—e.g., the credibility of trial counsel's testimony about strategy decisions—unless they are clearly erroneous." *State v. Libecki*, 2013 WI App 49, ¶24, 347 Wis. 2d 511, 830 N.W.2d 271.

¶16 Evans attempts to challenge the circuit court's findings by directing us to a statement in the court's written order that LaZotte's testimony was "based on his review of the trial record." Evans goes on to assert that "Attorney LaZotte's testimony finds no support in the very record upon which he claimed it was based." We are not persuaded by this line of reasoning. Evans appears to interpret the court's reference to LaZotte's "review of the trial record" to mean the record that was actually filed with the circuit court, and not to trial counsel's own confidential case file. But it is much more likely that any discussion that Evans and Geier had about whether to plead no contest would be memorialized in Geier's confidential case file, and it is not surprising that the privileged discussions between Evans and Geier are not a part of the court record and, thus, are not available to examine on appellate review. LaZotte testified that he understood Geier to have discussed with Evans the problems with the

identification witnesses and, based on that understanding, LaZotte "did not consider bringing an ineffective assistance of trial counsel motion" related to that issue.

¶17     Evans fails to establish that any of the findings on which the circuit court based its decision are clearly erroneous.   Therefore, we uphold those findings.  *Id.*  Applying the relevant legal standard to those findings, we review independently the question of whether those facts demonstrate ineffective assistance of counsel.  *Pico*, 382 Wis. 2d 273, ¶13.  We conclude that they do not.

¶18     When claiming ineffective assistance of counsel, a defendant has the burden of establishing both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  In evaluating whether counsel's performance was deficient, we apply a heavy measure of deference to counsel's judgment.  *State v. Stroik*, 2022 WI App 11, ¶27, 401 Wis. 2d 150, 972 N.W.2d 640.  Counsel's conduct is constitutionally deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.

¶19     Here, LaZotte did not file a postconviction motion for plea withdrawal alleging that Geier was ineffective for failing to inform Evans of the witness identification issues.  As discussed, LaZotte testified that he did not pursue such a motion because it was his understanding that Geier had discussed the identification issues with Evans before he entered his plea.  In light of this testimony, we are satisfied that LaZotte reasonably concluded that a motion for plea withdrawal raising the witness identification issues within a claim of ineffective assistance of trial counsel was unwarranted.  Having concluded that

LaZotte did not render deficient performance, we need not address the prejudice prong of the test for ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

¶20     In sum, Evans has failed to establish that his postconviction counsel rendered ineffective assistance. Accordingly, he has not provided this court with a sufficient reason for failing to bring his current plea withdrawal claim in his original postconviction motion. The claim for plea withdrawal is procedurally barred under WIS. STAT. § 974.06(4) and *Escalona-Naranjo*, 185 Wis. 2d at 181-82, and we affirm the order of the circuit court on that basis.

        *By the Court.—*Order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.