**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 13, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP694-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2007CF205

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

RICARDO E. MARINEZ,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Jefferson County: ROBERT F. DEHRING, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In 2007, Ricardo Marinez was convicted, following a jury trial, of three counts of repeated first-degree sexual assault of a child. Marinez pursued a direct postconviction motion and appeal, and we affirmed Marinez's conviction. In 2019, Marinez filed a pro se postconviction motion under WIS. STAT. § 974.06 (2019-20).[1] In this appeal, Marinez argues that the circuit court erred by denying his § 974.06 motion without a hearing.

¶2 Marinez contends that his trial counsel was ineffective by failing to object when the State introduced evidence that both Marinez and one of the child victims had tested positive for chlamydia. He argues that his confrontation rights were violated because the State introduced that evidence through third parties, without supporting testimony by the analyst who performed the tests. Marinez also contends that his trial counsel was ineffective by failing to object when, on the first day of trial, the State attached a Wisconsin Department of Justice Criminal Information Bureau (CIB) printout to its motion to introduce evidence of Marinez's flight from police to show consciousness of guilt on the child sexual assault charges. Marinez asserts that the State committed prosecutorial misconduct by submitting the CIB printout when it knew it contained false information, and a ***Brady***[2] violation by failing to disclose the printout prior to trial. Marinez argues that his postconviction counsel was ineffective by failing to raise these claims, providing a sufficient reason to overcome the procedural bar to successive postconviction motions. For the reasons set forth in this opinion, we conclude that the circuit court properly denied Marinez's motion without a hearing. We affirm.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] ***Brady v. Maryland***, 373 U.S. 83 (1963).

2

¶3      Marinez was convicted in September 2007 of three counts of repeated first-degree sexual assault of a child. Represented by postconviction counsel, he pursued a direct postconviction motion arguing that his trial counsel had been ineffective by failing to defend against evidence that both Marinez and one of the child victims had tested positive for chlamydia. That defense, according to Marinez's direct postconviction motion and appeal, should have been an argument that Marinez's brother, who was also accused of sexually assaulting the same children, could have been the source of the child's infection. The circuit court denied the motion. Marinez, again by counsel, appealed. Marinez argued that his trial counsel was ineffective by failing to argue that Marinez's brother may have been the source of the child victim's chlamydia infection, and also that the circuit court erroneously exercised its discretion by admitting evidence of Marinez's flight from police over trial counsel's objection. We affirmed Marinez's conviction and the circuit court order denying postconviction relief.

¶4      In September 2019, Marinez filed the WIS. STAT. § 974.06 motion that is the subject of this appeal. Marinez argued that his confrontation rights were violated when the State introduced evidence that both Marinez and one of the child victims had tested positive for chlamydia without eliciting testimony by the analyst who had conducted the testing. He also argued that the State committed prosecutorial misconduct by using the CIB printout to support its motion to introduce the flight evidence on the first day of trial, contending that the State knew that the printout contained false information. He also alleged a *Brady* violation, based on the argument that the State should have disclosed the printout prior to trial. He argued that his trial counsel was ineffective by failing to pursue those claims, and that his direct postconviction counsel was ineffective by failing to argue those

claims of ineffective assistance of trial counsel. The circuit court denied the motion without a hearing. Marinez appeals.

¶5     When, as here, a defendant seeks relief under WIS. STAT. § 974.06 following a prior postconviction motion and appeal, the § 974.06 motion must establish a "sufficient reason" for failing to previously raise any issues that could have been raised in the earlier proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). A claim of ineffective assistance of postconviction counsel may present a "sufficient reason" to overcome the procedural bar. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). To establish that postconviction counsel was ineffective, the motion must show that the claims now asserted are clearly stronger than the issues that postconviction counsel chose to pursue. *State v. Romero-Georgana*, 2014 WI 83, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.2d 668.

¶6     A defendant is not automatically entitled to an evidentiary hearing on his or her postconviction motion. *See State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). The circuit court must hold an evidentiary hearing only if the defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law that we review de novo. *State v. Allen*, 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. To entitle the defendant to a hearing, the motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how" as to the defendant's claims. *Id.*, ¶23. If the motion does not set forth sufficient facts, presents only conclusory allegations, or the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing at its discretion. *Id.*, ¶9.

¶7    A defendant seeking a hearing in the circuit court on a WIS. STAT. § 974.06 motion must "do more than assert that his postconviction counsel was ineffective for failing to challenge on direct appeal several acts and omissions of trial counsel that he alleges constituted ineffective assistance." *State v. Balliette*, 2011 WI 79, ¶¶62-63, 336 Wis. 2d 358, 805 N.W.2d 334. The defendant must allege that postconviction counsel's "'performance was deficient' and 'that the deficient performance prejudiced the defense.'" *See id.*, ¶63 (quoted source omitted). If the allegations in a postconviction motion fail to establish either prong of an ineffective assistance of counsel claim, there is no need to address the other prong. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). A defendant must demonstrate within the four corners of the § 974.06 motion that postconviction counsel was ineffective for not raising specific claims of ineffective assistance of trial counsel. *See Romero-Georgana*, 360 Wis. 2d 522, ¶64 ("We will not read into the § 974.06 motion allegations that are not within the four corners of the motion.").

¶8    To repeat, Marinez asserts that he was denied his right to confrontation when the State introduced evidence that both Marinez and one of the child victims had tested positive for chlamydia without eliciting testimony from the analyst who had conducted the tests. Marinez argues that he was denied his right to cross-examine the testimony against him under the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36 (2004) (out-of-court testimonial statement by a witness is barred by the Confrontation Clause unless witness is unavailable and the defendant had a prior opportunity to cross-examine). He argues that the requirements of *Crawford* were not satisfied because no analyst testified at trial as to the chlamydia test results and because the State did not establish that the analyst would be unavailable or that Marinez had an opportunity for cross-examination.

5

Marinez contends that his trial counsel was ineffective by failing to object to the State's introduction of the chlamydia evidence on confrontation grounds.

¶9     Marinez also argues that the State committed prosecutorial misconduct and a ***Brady*** violation by submitting the CIB printout to support its motion to introduce flight evidence on the first day of trial.  Marinez contends that the CIB printout showing that Marinez had no active warrants for his arrest, contradicting Marinez's claim that he fled from police because he was aware of an outstanding arrest warrant for him in another matter, rather than because he was conscious of his guilt on the charged child sexual assaults, was false and misleading because the printout dated from several months prior to the time of Marinez's flight and arrest.  Arguing from the premise that a more up-to-date CIB record would have reflected an outstanding warrant, Marinez contends that the prosecutor knew that the CIB printout did not reflect Marinez's warrant status at the time of his flight, but knowingly used the inaccurate information that Marinez had no warrants at the time of his flight from police to persuade the court to admit the flight evidence as consciousness of guilt.  *See **State v. Lettice***, 205 Wis. 2d 347, 352, 556 N.W.2d 376 (Ct. App. 1996) (prosecutorial misconduct violates a defendant's due process rights if it "'poisons the entire atmosphere of the trial'" (quoted source omitted)).  Marinez also contends that the State committed a ***Brady*** violation by withholding the CIB printout until the first day of trial.  *See **United States v. Bagley***, 473 U.S. 667, 675 (1985) (***Brady*** requires the State "to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial").  Marinez argues that his trial counsel was ineffective by failing to object to the flight evidence both on the ground that the CIB printout contained "false information" and on the ground that the State violated Marinez's rights under ***Brady***.

6

¶10     Marinez also contends that his postconviction counsel was ineffective by failing to argue that trial counsel was ineffective by failing to raise these objections at trial.  He asserts that both claims of ineffective assistance of counsel were clearly stronger than the arguments raised by postconviction motion and in the prior appeal.  He argues that his new argument that trial counsel was ineffective by failing to object to the chlamydia evidence on confrontation grounds is clearly stronger than postconviction counsel's argument that trial counsel should have argued that Marinez's brother could have been the source of the child's chlamydia infection.  Marinez argues that the Confrontation Clause violation was clear and obvious and that, by contrast, the argument that Marinez's brother could have been the source of the child's infection lacked supporting evidence.  He also argues that his new claim related to the flight evidence—that trial counsel was ineffective by failing to argue that the State committed prosecutorial misconduct and a ***Brady*** violation by submitting the CIB printout to the court on the first day of trial to support its motion to admit the flight evidence—was clearly stronger than the argument raised on appeal—that the circuit court erroneously exercised its discretion by admitting the flight evidence over the defense objection that there was an insufficient showing of consciousness of guilt and that the evidence was unduly prejudicial.  He argues that these assertions in his postconviction motion were sufficient to warrant an evidentiary hearing.

¶11     Finally, Marinez contends that in the circuit court the State conceded the arguments that Marinez raised in his postconviction motion filed under WIS. STAT. § 974.06.  Marinez points to the State's failure to refute Marinez's argument that his postconviction motion was not frivolous.  Based on the State's failure to dispute that Marinez's postconviction motion was not frivolous, Marinez argues that

7

the State has conceded the substance of Marinez's claims in his postconviction motion.[3]

¶12    The State responds that Marinez failed to set forth sufficient facts in his WIS. STAT. § 974.06 motion to entitle him to a hearing. It argues that Marinez inadequately alleged how the issues Marinez raises now are clearly stronger than the issues previously raised in postconviction proceedings. As to Marinez's claim of ineffective assistance of counsel for failing to object to admission of the chlamydia evidence on confrontation grounds, the State contends that Marinez failed to show that an objection by trial counsel would have resulted in the evidence being excluded. The State points out that Marinez has not alleged that the State would have been unable to produce the analyst who performed the testing and to elicit from this witness the relevant evidence if trial counsel had objected on confrontation grounds. The State argues that Marinez has therefore failed to show that he was prejudiced by any alleged deficient performance by trial counsel. *See State v. Jenkins*, 2014 WI 59, ¶37, 355 Wis. 2d 180, 848 N.W.2d 786 (to show prejudice, defendant must show reasonable probability of a different result absent claimed error by counsel). Thus, the State asserts, Marinez has failed to show that his postconviction counsel was ineffective by failing to raise that claim and has not overcome the procedural bar.

¶13    As to the CIB printout, the State argues that Marinez's motion failed to set forth sufficient facts to show that his trial counsel was ineffective by failing

---

[3] Marinez also argues that his judgment of conviction is "void" based on the constitutional violations claimed above. Because Marinez has not sufficiently developed a separate argument that his judgment of conviction is void, we do not address that argument further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Additionally, to the extent Marinez has asserted any arguments not specifically addressed in this opinion, we have considered those arguments and deemed them insufficiently developed to warrant a response.

to object to the State's submission of the printout on grounds of prosecutorial misconduct or a ***Brady*** violation. It contends that Marinez has not set forth a viable prosecutorial misconduct claim for using false evidence because he has not pointed to any evidence that Marinez did, in fact, have any outstanding arrest warrants at the time he fled from police. It contends that Marinez has failed to identify a viable claim of a ***Brady*** violation because the evidence he asserts that the State failed to disclose—the CIB printout that contradicted Marinez's claim that he fled from police because he thought he had an active warrant for his arrest in another matter—would not have been favorable to the defense. *See **State v. Wayerski***, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468 (***Brady*** violation must show that evidence at issue would have been favorable to the defendant). The State asserts that Marinez has not shown that his trial counsel was ineffective by failing to make those objections because the objections would have failed. *See **State v. Swinson***, 2003 WI App 45, ¶59, 261 Wis. 2d 663, 660 N.W.2d 12 (counsel not ineffective for failing to make meritless argument). And, the State asserts, it follows that postconviction counsel was not ineffective by failing to raise that claim of ineffective assistance of trial counsel.

¶14 Finally, the State disputes that it has conceded any of Marinez's arguments. It points out that it responded in the circuit court to Marinez's WIS. STAT. § 974.06 motion, arguing that Marinez was not entitled to relief. It asserts that the only point it did not dispute was that Marinez's motion was not frivolous.

¶15 At the outset, we reject Marinez's contention that the State failed to dispute the substance of Marinez's arguments in the circuit court. As the State points out, the State argued that Marinez was not entitled to relief on those claims. The State's concession that Marinez's motion was not frivolous was not a concession that Marinez's claims had merit.

9

¶16    Turning to the substance of Marinez's arguments, as we now explain, we agree with the arguments of the State summarized above. We conclude that Marinez has not shown that the claims he now seeks to assert are clearly stronger than the claims his counsel raised in direct postconviction proceedings.

¶17    First, we are not persuaded that a claim of ineffective assistance of counsel for failing to object to the chlamydia evidence on Confrontation Clause grounds was a clearly stronger argument than the claim that counsel was ineffective by failing to argue that Marinez's brother could have been the source of the child's infection. Marinez is correct that the ineffective assistance of counsel argument that his postconviction counsel pursued lacked supporting evidence and was ultimately unsuccessful. However, it does not follow from those facts that the Confrontation Clause argument was clearly stronger. As the State points out, Marinez failed to allege facts that would be sufficient to show why an objection on Confrontation Clause grounds would have likely resulted in a different outcome. In particular, Marinez has not explained why the State would have been unable to introduce the evidence through other means had counsel made a Confrontation Clause objection. That is, while Marinez argues that his trial counsel should have objected because the State failed to present testimony by the analyst who performed the tests, he fails to allege facts that could support the reasonable inference that, in response to an objection, the State could not have called the analyst and elicited the relevant testimony. Moreover, Marinez makes no attempt to explain why his trial counsel's decision not to object on Confrontation Clause grounds was unreasonable, how his trial counsel would testify at an evidentiary hearing, or how Marinez would otherwise establish that his trial counsel's performance was deficient and prejudicial were Marinez granted an evidentiary hearing. Accordingly, on our de novo review, we conclude that Marinez was not entitled to a hearing on his motion.

¶18    Second, we are not persuaded that a claim of ineffective assistance of counsel for failing to object to the State's use of the CIB printout to support its motion to introduce the flight evidence was clearly stronger than the claims previously raised. Marinez has failed to allege facts from which it could be shown that there was, in fact, an outstanding arrest warrant for him at the time of his flight. Because Marinez has not alleged facts showing that the information in the CIB printout was inaccurate as of the time of his flight, he has not sufficiently alleged that trial counsel was ineffective by failing to object on that basis. Additionally, Marinez makes no attempt to explain how a more up-to-date CIB report would have been favorable to the defense. For these reasons we conclude that his motion failed to present sufficient allegations to support an evidentiary hearing at which he might be able to prove that trial counsel was ineffective by failing to object based on a *Brady* violation.

¶19    In sum, Marinez has failed to show that the arguments he asserts now are clearly stronger than the arguments his counsel pursued in postconviction proceedings. For these reasons we conclude that he has not overcome the procedural bar to successive postconviction motions. Accordingly, we affirm the circuit court order denying the motion without a hearing.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.