COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP1490-CR**

Cir. Ct. No.  **2016CF57**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

SHUNTAYE C. CRENSHAW,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Shuntaye C. Crenshaw appeals pro se from a circuit court order denying his WIS. STAT. § 974.06 (2021-22)[1] motion without an evidentiary hearing.  Crenshaw's § 974.06 motion accused the police and prosecutor of engaging in misconduct.  It also alleged ineffective assistance of trial counsel and of counsel on Crenshaw's direct appeal of his conviction.

¶2     Crenshaw was found guilty of first-degree reckless homicide after a jury trial.  The jury found that Crenshaw had delivered heroin to a student at Concordia University who subsequently died from a heroin overdose.  Crenshaw, by counsel, appealed his conviction to this court, arguing that there was insufficient evidence at trial from which a jury could conclude that Crenshaw sold the victim heroin, as opposed to some other innocuous substance.  *State v. Crenshaw*, No. 2018AP1706-CR, unpublished op. and order (WI App Oct. 16, 2019).  We summarily affirmed.  *Id.*

¶3     Crenshaw next filed a pro se WIS. STAT. § 974.06 postconviction motion alleging police misconduct, prosecutorial misconduct, and several grounds of ineffective assistance of counsel.  In his § 974.06 motion, Crenshaw alleged "falsification of statements and evidences … used in [Crenshaw]'s trial" by one of the investigating police officers, and accused the prosecutor of "presenting evidence" to the jury that the prosecutor allegedly "withheld from the defense" in discovery.  The circuit court held a hearing on Crenshaw's motion in which it considered arguments from the parties, but it did not hold an evidentiary hearing on the motion.  The court found that Crenshaw failed to "connect the dots" with respect to how the alleged police and prosecutorial misconduct had any effect on

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Crenshaw's trial, and that Crenshaw failed to provide any specific examples of ineffective assistance of counsel and how counsel's performance prejudiced him. The court therefore denied Crenshaw's postconviction motion. Crenshaw appeals.

¶4    As he did with the postconviction court, Crenshaw appears to take issue on appeal with the fact that the court did not hold an evidentiary hearing on his motion. Whether a postconviction motion alleges sufficient facts to entitle the defendant to a hearing for the relief requested is subject to a mixed standard of review. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. First, we determine whether the motion alleges sufficient facts that, if true, would entitle the defendant to relief. *Id.* This is a question of law that we review de novo. *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). If the motion raises such facts, the circuit court must hold an evidentiary hearing. *Id.* However, if the motion does not raise facts sufficient to entitle the defendant to relief, "or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Allen*, 274 Wis. 2d 568, ¶9. We review the court's discretionary decision under the deferential erroneous exercise of discretion standard. *Id.*

¶5    Crenshaw first argues that the police misconduct is "newly discovered evidence" entitling him to a new trial and the circuit court erred in deciding otherwise. To be entitled to a new trial on this ground, Crenshaw bears the burden of proving by clear and convincing evidence that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *See State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60; *State v. Armstrong*, 2005 WI 119, ¶158, 283 Wis. 2d 639, 700 N.W.2d 98. If Crenshaw's motion were to satisfy all four criteria, "then 'the circuit court must

determine whether a reasonable probability exists that a different result would be reached in a trial.'" *Avery*, 345 Wis. 2d 407, ¶25 (citation omitted). The circuit court here never made a determination as to the probability of a different result at a new trial because the evidence regarding police misconduct was in no way material to any issue in Crenshaw's case.

¶6 The police misconduct Crenshaw complains of involves Sergeant Douglas Cook, who left his position with the Mequon police department in 2020 after it was discovered that Cook committed misconduct in three cases unrelated to Crenshaw's. Crenshaw was alerted to this fact by a letter advising of Cook's departure sent pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), by the Ozaukee County District Attorney. Crenshaw, whose trial was in 2016, argues that because Cook authored multiple police reports related to Crenshaw's case, Cook's misconduct in the unrelated cases is newly discovered evidence warranting a new trial. The circuit court rejected Crenshaw's assertion that the circumstances surrounding Cook's departure entitle him to a new trial, noting that Cook did not even testify at Crenshaw's trial. The court further observed that Crenshaw failed to explain what specific aspects of his case would have had a different outcome in the absence of Cook's alleged misconduct. We agree with the court.

¶7 As in the circuit court, Crenshaw fails to develop any argument on appeal as to how Cook's untruthfulness in cases wholly unrelated to Crenshaw had any effect, negative or otherwise, on Crenshaw's trial. As stated above, Cook did not testify at the trial, and police reports written by Cook were not introduced into evidence at trial. In fact, the only police report introduced at trial was placed into evidence by the defense and was from a detective who testified at trial. We agree with the court that Crenshaw has failed to meet his burden of showing that Cook's misconduct is material to any issue at trial. Crenshaw also fails to explain what

4

would have been different at trial if Cook had left the Mequon police department before, rather than years after, Crenshaw's trial, likely because nothing could possibly have been different. Crenshaw has failed to show a reasonable probability of a different outcome at trial in the absence of Cook's misconduct, and, therefore, Crenshaw is not entitled to relief on this ground. *See Avery*, 345 Wis. 2d 407, ¶25. We conclude that Crenshaw has failed to show that the circuit court erroneously exercised its discretion in not holding an evidentiary hearing on this claim and did not err in denying Crenshaw's request for a new trial based on the alleged misconduct.

¶8      We turn next to Crenshaw's argument that prosecutorial misconduct at the trial warrants reversal of Crenshaw's conviction and entitles him to a new trial. "Reversing a criminal conviction on the basis of prosecutorial misconduct is a 'drastic step' that 'should be approached with caution.'" *State v. Lettice*, 205 Wis. 2d 347, 352, 556 N.W.2d 376 (Ct. App. 1996) (citation omitted). Only if the misconduct "poisons the entire atmosphere of the trial" does it require reversal. *Id.* Thus, we review claims of prosecutorial misconduct in the context of the entire case record. *Id.* at 353.

¶9      Based on our review of the record, we conclude that the circuit court properly dismissed Crenshaw's assertions of prosecutorial misconduct without an evidentiary hearing because they were inadequately pled in Crenshaw's postconviction motion. Crenshaw claimed that the prosecutor committed misconduct when he "closed his case and then showed the (jurors) 'evidence' that was not in the '[d]efense [d]iscovery.'" It is not clear what Crenshaw is referring to, and he offers no specifics. The trial transcript contains no discussion about any materials not turned over in discovery. Further, Crenshaw not only fails to direct our attention to what the prosecutor said that amounts to misconduct, he also fails

to explain how the prosecutor's comment was improper and how it infected the entire trial. Moreover, the court instructed the jury as follows: "Remarks of the attorneys are not evidence. If the remarks suggested certain facts not in evidence, disregard the suggestion." "Jurors are presumed to have followed jury instructions," *State v. LaCount*, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780, and Crenshaw offers no reason to believe the jurors did not do so in this case. For all these reasons, we conclude that Crenshaw has failed to show that the circuit court erroneously exercised its discretion in not holding an evidentiary hearing on this claim and did not err in denying Crenshaw's request for a new trial based on the alleged misconduct.

¶10 Lastly, Crenshaw's WIS. STAT. § 974.06 motion also alleged various instances of ineffective assistance of trial counsel and counsel for his direct appeal, which he now renews in this appeal. After the time for postconviction relief under WIS. STAT. § 974.02 and direct appeal have expired, a person in custody under a sentence of the court may bring a motion under § 974.06. *See State v. Balliette*, 2011 WI 79, ¶34, 336 Wis. 2d 358, 805 N.W.2d 334. However, a defendant may not bring claims in a § 974.06 motion if the claims could have been raised in a prior motion or direct appeal, absent a sufficient reason. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). In some instances, ineffective assistance of postconviction counsel may constitute a sufficient reason for not raising a claim in an earlier proceeding. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996).

¶11 To prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency was prejudicial. *See Allen*, 274 Wis. 2d 568, ¶26. "An allegation that postconviction counsel failed to bring a claim that should have been brought is an allegation that counsel's

6

performance was constitutionally deficient." ***State v. Romero-Georgana***, 2014 WI 83, ¶43, 360 Wis. 2d 522, 849 N.W.2d 668. To prove the deficiency, the defendant must show the unraised issue was "clearly stronger" than the issues actually pursued by postconviction/appellate counsel. *See id.*, ¶¶44-45. When a claim of ineffective postconviction counsel is based on the failure to raise ineffective assistance of trial counsel, the defendant must also show that trial counsel actually was ineffective. *See **State v. Ziebart***, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶12 Further, "[a] hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." ***Allen***, 274 Wis. 2d 568, ¶14. Whether the motion alleges such facts is a question of law. *See id.*, ¶9. If the motion raises sufficient material facts, the circuit court must hold a hearing. *See **id.*** If the motion does not raise sufficient material facts or if it presents only conclusory allegations, the decision to grant or deny a hearing is left to the circuit court's discretion. *See **id.*** A circuit court's discretionary decisions are reviewed for an erroneous exercise of that discretion. *See **id.***

¶13 We conclude that the circuit court here did not erroneously exercise its discretion in deciding that Crenshaw's postconviction motion does not entitle him to an evidentiary hearing because it is wholly and fatally conclusory. Crenshaw's motion consists of little more than an undeveloped list of purported errors. There are insufficient allegations to show that any of the unraised issues are clearly stronger than those actually raised by postconviction counsel. In sum, Crenshaw's conclusory statements in his WIS. STAT. § 974.06 motion were insufficient for the circuit court to rely on as a basis to conclude that Crenshaw was entitled to relief. For example, Crenshaw made no attempt to weigh the quality of the issues he currently raises against the issue raised by counsel in his direct appeal.

7

In fact, he did not even mention the nature of the claim raised in his direct appeal, which is fatal to his pleading. *See* ***Romero-Georgana***, 360 Wis. 2d 522, ¶46 (requiring a comparison between the relative merits of the original claims and the claims made in a § 974.06 motion). Because Crenshaw failed to sufficiently plead his claims of ineffective assistance of counsel, which he proffered as a "sufficient reason" for not previously raising any of the issues he identifies as clearly stronger, we conclude that the circuit court did not erroneously exercise its discretion by not holding an evidentiary hearing on Crenshaw's ineffective assistance of counsel claims. The court did not err in denying Crenshaw's request for relief on this ground.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).